# United States Court of Appeals

## For the First Circuit

No. 03-2678

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS E. NEGRÓN-NARVÁEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin and Campbell, Senior Circuit Judges.

Michael R. Schneider and Salsberg & Schneider on brief for appellant.
H.S. Garcia, United States Attorney, Nelson Pérez-Sosa and Thomas F. Klumper, Assistant United States Attorneys, on brief for appellee.

April 7, 2005

**SELYA**, <u>Circuit Judge</u>.  In mid-trial, defendant-appellant Luis E. Negrón-Narváez (Negrón) pleaded guilty to three drug-trafficking counts and one count of aiding and abetting the possession of a firearm in connection with a drug-trafficking transaction.  The district court imposed sentence, and Negrón appealed.  He claims that his guilty plea as to the firearms count lacked an adequate factual predicate and asks us to set it aside.  Alternatively, he asserts that his guilty plea to the firearms count resulted from ineffective assistance of counsel.  After careful consideration of the briefs and the record, we uphold the district court's acceptance of the appellant's guilty plea and dismiss the ineffective assistance of counsel claim without prejudice to the appellant's right to reassert it under 28 U.S.C. § 2255.

## I.

## Background

The material facts are largely uncontested.  On March 27, 2003, two officers of the Puerto Rico Police Department, acting on a tip, began surveillance of a black Mazda automobile parked in front of a residence in Toa Alta.  Shortly thereafter, one officer observed the appellant come out of the house carrying a large bag.  The bag contained smaller bags filled with what appeared to be a white powder.  The appellant passed the large bag to a man later identified as Mitchell Atanasio-Reyes (Atanasio), who then entered

the vehicle.  The appellant returned to the house while Atanasio waited in the car.  When the appellant reemerged, the officers arrested both men.  Following the arrests, the officers seized a backpack containing cocaine and marijuana from Atanasio's vehicle.

The officers also recovered a .40 caliber pistol.  There is a salient factual dispute relating to this weapon.  One officer testified that he had seen the appellant place the gun into his waistband; the other testified that he had removed the gun from the appellant's person coincident with the arrests.  The appellant contradicted these accounts.  He claimed that he did not have the weapon and that the police had recovered it from inside the black Mazda.

In short order, a federal grand jury indicted the appellant and Atanasio on three counts of aiding and abetting each other in the possession of narcotics with intent to distribute, see 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2, and one count of aiding and abetting each other with respect to the possession of a firearm in furtherance of a drug-trafficking scheme, see 18 U.S.C. §§ 2, 924(c)(1)(A).[1]  A jury trial commenced on July 23, 2003.  On the eighth day of trial, the appellant decided to change his plea. During the change-of-plea colloquy, he confirmed his understanding of the charges against him and accepted the government's version of

---

[1]The grand jury named Atanasio as a codefendant.  Since this appeal deals solely with Negrón, we eschew any further reference to the proceedings against Atanasio.

-3-

the facts. Nevertheless, when the district court asked how he wanted to plead to the four counts, he initially replied: "One, two and three guilty, because the gun was in the car."

This response sparked some confusion as to the appellant's stance vis-à-vis count four (the firearms count). The district court essayed further questioning and then recessed the hearing in order to permit the appellant and his lawyer to confer. After the hearing resumed, the court satisfied itself that the appellant, at the very least, knew of the gun's presence in the vehicle. The court thereupon accepted the changed plea as to all four counts, ordered the preparation of a presentence report (PSI Report), and scheduled the disposition hearing for September 30, 2003.

At the disposition hearing, the appellant informed the court that he desired to withdraw his guilty plea. This desire apparently stemmed from the appellant's newfound knowledge that the officers who had testified against him subsequently had been arrested on charges that they had fabricated evidence in other cases. The court informed the appellant of the obvious — that he had changed his plea independently of any alleged police misconduct — and that he would have to show that the plea did not comply with the requirements of Fed. R. Crim. P. 11 in order to withdraw it. At that point, the appellant's counsel suggested that the plea to count four might have been involuntary due to the pressure of the

-4-

trial, compounded by the testimony of the allegedly corrupt officers.

The district court prudently halted the proceedings and offered to give the appellant time to investigate the new information and decide whether to move to withdraw his plea. The appellant agreed that ten working days would be sufficient for that purpose, and his trial counsel declared that he would file a Rule 11 motion challenging the validity of the plea if he found some arguable ground to support it. The ten-day period came and went, but the appellant eschewed the filing of a Rule 11 motion.

On October 29, 2003, the district court reconvened the disposition hearing. The court sentenced the appellant to serve concurrent 121-month incarcerative terms on each of the three drug-trafficking counts and a consecutive 60-month incarcerative term on the firearms count. This appeal followed.

## II.

## The Guilty Plea on Count Four

Before us, the appellant endeavors to resurrect the Rule 11 challenge that he opted not to raise in the court below. In evaluating this effort, we begin with first principles.

It is well established that a defendant does not have an absolute right to withdraw a guilty plea. United States v. Gonzalez-Vazquez, 34 F.3d 19, 22 (1st Cir. 1994). Prior to the imposition of sentence, a defendant may be allowed to withdraw his

plea if he can establish, to the trial court's satisfaction, that a "fair and just reason" for withdrawing the plea exists. <u>United States</u> v. <u>Pellerito</u>, 878 F.2d 1535, 1537 (1st Cir. 1989); Fed. R. Crim. P. 11(d)(2)(B). In determining the weight to be attached to a proffered reason, a court ordinarily should focus on whether any of Rule 11's core concerns have been implicated, that is, whether the plea, when entered, was voluntary, intelligent, and knowing. <u>United States</u> v. <u>McDonald</u>, 121 F.3d 7, 11 (1st Cir. 1997); <u>Gonzalez-Vazquez</u>, 34 F.3d at 23. Other factors that should be considered in the decisional calculus include "the force of the defendant's proffered reason; the timing of the request; the defendant's assertion of legal innocence (or the lack of such an assertion); and the likely voluntariness of the plea, given the newly emergent circumstances." <u>United States</u> v. <u>Doyle</u>, 981 F.2d 591, 594 (1st Cir. 1992). "If the combined weight of these factors tilts in the defendant's favor," then the trial court, before ruling, also should factor into the equation "the quantum of prejudice, if any, that will inure to the government." <u>Id.</u>

In this instance, the appellant challenges only his plea to count four. In mounting that challenge, he does not actually argue that his plea was involuntary, unintelligent, or unknowing (although he parrots that terminology in his brief). Instead, he makes a related, but somewhat different, argument. He points out that a guilty plea cannot be accepted in a vacuum. Rather, the

record must show a factual basis sufficient to justify the plea. Fed. R. Crim. P. 11(b)(3). Building on this foundation, the appellant argues that, given his contradictory statements anent the gun and his occasional professions of innocence as to the firearms charge, there was an inadequate factual predicate for his plea to count four. So viewed, the gist of the argument that he makes is not that the district court should have allowed him to withdraw the plea despite the absence of any motion to that effect, but, rather, that the court abused its discretion by accepting it in the first place. We explore that argument.

The Criminal Rules require a nisi prius court to determine that an adequate factual basis underpins a guilty plea before accepting the plea. See Fed. R. Crim. P. 11(b)(3). At its most abecedarian level, the requirement that a guilty plea must be supported by an adequate factual basis ensures that the conduct to which the defendant admits constitutes the crime with which he is charged. See United States v. Ventura-Cruel, 356 F.3d 55, 59-60 (1st Cir. 2003). This protects a defendant "who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." Id. (quoting Fed. R. Crim. P. 11 advisory committee's note (1966 amendment)).

Against this backdrop, it is readily evident that a court to which a guilty plea is tendered has a duty to ascertain whether

the record permits a conclusion that the plea has a rational basis in fact. United States v. Gandia-Maysonet, 227 F.3d 1, 6 (1st Cir. 2000). The component facts may come either from the defendant's admissions and concessions or from credible evidence proffered by the government and not contradicted by the defendant. Id.

We caution that this Rule 11 inquiry is not designed to be a test of guilt versus innocence. The plea-taking court need only be persuaded that sufficient evidence exists to permit a reasonable person to reach a finding of guilt; "[t]he court need not be convinced beyond a reasonable doubt that the defendant is in fact guilty." United States v. Webb, 433 F.2d 400, 403 (1st Cir. 1970).

Under ordinary circumstances, we review the district court's acceptance of a guilty plea for abuse of discretion. See Doyle, 981 F.2d at 594; United States v. Kobrosky, 711 F.2d 449, 454 (1st Cir. 1983). Here, however, the appellant seeks to pursue an issue that he failed to pursue in the district court despite having had ample opportunity to do so. Our review of the sentencing court's action is, therefore, limited to plain error. United States v. Vonn, 535 U.S. 55, 58-59 (2002); United States v. Cheal, 389 F.3d 35, 40 (1st Cir. 2004).

We have stated that:

> Review for plain error entails four showings:
> (1) that an error occurred (2) which was clear
> or obvious and which not only (3) affected the
> defendant's substantial rights, but also (4)

-8-

> seriously impaired the fairness, integrity, or
> public reputation of judicial proceedings.

United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). In this context, then, the appellant must show that the district court erred in accepting the guilty plea, that the error was patent, that it affected his substantial rights, and that it seriously impaired the fairness, integrity, or public reputation of the proceeding.

The statute of conviction makes it unlawful for any person, during and in relation to a drug-trafficking crime, to use, carry, or possess a firearm. 18 U.S.C. § 924(c)(1)(A). Count four of the indictment, however, does not charge the appellant with transgressing this proscription per se, but, rather, with aiding and abetting such a violation. See 18 U.S.C. § 2(a). Because the indictment charges the appellant as an aider and abettor, a finding of guilt requires a showing that the defendant knew "to a practical certainty" that some participant in the drug-trafficking crime would be using, carrying, or possessing a firearm in furtherance thereof. United States v. Shea, 150 F.3d 44, 50 (1st Cir. 1998) (quoting United States v. Spinney, 65 F.3d 231, 239 (1st Cir. 1995)).

On this record, the presence of the gun, in close proximity to the drugs, justified an inference that it was possessed in connection with the ongoing drug-trafficking operation. See, e.g., United States v. Carlos Cruz, 352 F.3d 499, 509 (1st Cir. 2003); United States v. Luciano, 329 F.3d 1, 6 (1st

-9-

Cir. 2003).  This is true regardless of whether the weapon was being carried on the appellant's person or was located within easy reach inside the black Mazda.  The crux of the matter, then, is knowledge.

In the appellant's view, the record does not adequately show that he had knowledge of the gun's presence.  He premises this view on the colloquy that occurred at his change-of-plea hearing and a statement contained in the PSI Report.  We examine those offerings.

At the change-of-plea hearing, the prosecutor stated that he was prepared to prove that the appellant had placed a gun in his waistband as he and Atanasio prepared to leave with the drugs.[2]  The appellant initially accepted the prosecutor's version of the facts.  But when the court later asked the appellant for his plea to the four counts, he responded as quoted above ("One, two and three guilty, because the gun was in the car.").  The following colloquy ensued:

> THE COURT:  Okay.  One, two and three guilty,
> because the gun was in the car.  One, two and
> three and four because the gun was in the car.
> Very well.
>
> MR. BAZAN (Prosecutor):  Can we clarify?
>
> THE COURT:  Yes

---

[2]This representation conformed to testimony already given by one of the arresting officers during the interrupted trial.

-10-

> MR. BAZAN: He's pleading guilty to all four counts.
>
> MR. QUETGLAS (Defense Counsel): But the position is that the gun was in the car.
>
> THE COURT: Very well. It doesn't matter, whether it was in the car or not.

The court then clarified why it did not matter: the appellant had been charged with aiding and abetting, and that made the location of the gun irrelevant as long as the appellant knew of its presence.

Upon hearing this explanation, the appellant blurted out that he had been completely unaware of the gun's presence inside the Mazda. The court stated that if this was the appellant's position, it would not accept a change of plea as to count four; the trial would have to proceed; and the jury would have to pass upon that count.

At that juncture, defense counsel asked for a recess. When the hearing resumed, the following colloquy took place:

> MR. QUETGLAS: I was talking to my client and apparently he was confused as to the weapons charge, because it was his understanding that if he did not have the weapon on him he could not be found guilty of that crime. His position is that the gun was inside the black Mazda. Now, <u>he has clarified to me that he had knowledge of the weapon being there</u>. So the bottom line is that he's going to enter a guilty plea as to that charge, but I would request the Court to ask him personally. (Emphasis supplied).

-11-

THE COURT: Okay. Sir, . . . did you hear the explanation made by Counsel Quetglas to the Court?

MR. NEGRÓN: Yes, Sir.

THE COURT: Okay. After hearing that explanation by Counsel Quetglas are you to continue making a plea of guilty as to count four which is the weapons charge?

MR. NEGRÓN: Yes, Sir.

THE COURT: All right. Very well. So, you're going to continue making a plea as to counts one, two, three and four?

MR. NEGRÓN: Yes, Sir.

We think that this exchange forged an adequate factual basis for the proposed plea. The mere fact that the appellant at one point took a contradictory position as to his culpability on the firearms count neither alters our conclusion nor dispels the factual basis for the plea. That sort of temporary contradiction is inherent in virtually every change of plea.

This case illustrates the point. The appellant's original position, voiced at his arraignment, was one of innocence with respect to the totality of the charged offenses. He maintained that posture throughout the pretrial proceedings and the first seven days of trial. When he decided to change his plea, he initially acquiesced in the government's version of the facts, but then reiterated his claim of innocence on the gun charge during a colloquy with the court. Nevertheless, after consultation with counsel and a fuller explication of the elements of the offense by

-12-

the court he changed his tune and acknowledged that he understood (i) that actual possession of the gun was not an element of the offense, and (ii) that he could be found guilty so long as he knew that his accomplice had deposited the gun inside the Mazda for possible use during the drug-trafficking transaction. He then admitted that he knew that the gun was in the car. These statements were in no way coerced. Together, they constituted his final answer and comprised a factual basis sufficient to allow the district court to accept the proffered plea. See Cheal, 389 F.3d at 43 (holding that a defendant's admissions are sufficient to ground the requisite factual basis).

The appellant attempts to blunt the force of this reasoning by arguing that his admissions at the resumed change-of-plea hearing were flawed because his attorney did the talking and he merely agreed with his attorney's statements. Given the presence of the appellant and the importance of the issue, it would have been preferable had the judge obtained from the appellant's own mouth an express acknowledgment that he had known about the gun. Still, the colloquy, as conducted, was adequate to establish this fact. The attorney's statements, verified in open court by the appellant, constituted adoptive admissions attributable to the appellant. See United States v. Paulino, 13 F.3d 20, 24 (1st Cir. 1994); United States v. Fortes, 619 F.2d 108, 115 (1st Cir. 1980).

In reviewing Rule 11 challenges, we "review the totality of the circumstances of the hearing." United States v. Hoyle, 237 F.3d 1, 7 (1st Cir. 2001). "What is critical is the substance of what was communicated by the trial court, and what should reasonably have been understood by the defendant, rather than the form of the communication." United States v. Cotal-Crespo, 47 F.3d 1, 4-5 (1st Cir. 1995). Applying these principles, we have found, in similar cases, that a defendant, by responding to another person's explanation of what happened, may thereby establish the factual basis needed to undergird a guilty plea. See, e.g., United States v. Japa, 994 F.2d 899, 902-03 (1st Cir. 1993). So it is here.

In a last-ditch effort to save the day, the appellant asserts that a passage in the PSI Report, which informed the sentencing court that the appellant "denied ownership of the firearm," contradicted his admissions and so undermined the factual basis for his plea as to require the court to take corrective action. We reject this assertion. Leaving to one side the odd timing — after all, the change-of-plea hearing is when the district court must determine the adequacy of the factual basis for the proffered plea — the short answer to the appellant's plaint is that the statement in the PSI Report did not contradict the appellant's admissions at all. Although the appellant disavowed owning the gun, ownership was not an element of the offense of conviction.

-14-

<u>United States</u> v. <u>Dirden</u>, 38 F.3d 1131, 1142 (10th Cir. 1994). Thus, the statement did nothing to call into question the appellant's acknowledgment that he knew his accomplice possessed a firearm and had stowed it inside the Mazda.

That ends this aspect of the matter. The appellant cannot demonstrate any error on the part of the district court in connection with his Rule 11 challenge. A fortiori, that challenge fails plain-error review.

## III.

## Ineffective Assistance of Counsel

We need not tarry over the appellant's remaining assignment of error. He complains that his trial attorney's failings with respect to his guilty plea to count four constituted ineffective assistance of counsel. We interpret the appellant's argument to be that his trial attorney allowed him to plead guilty without having a sufficient understanding of the nature of the firearms charge and then compounded the error by not filing a motion to withdraw the guilty plea even though the district court continued the disposition hearing to give him time to submit such a motion.

On the facts recounted above, this challenge looks unpromising. In all events, the claim was not made below and the record is not fully developed with respect to the elements of the claim. <u>See</u>, <u>e.g.</u>, <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668, 687-96

(1984) (limning standard for ineffective assistance claims); <u>Ouber</u> v. <u>Guarino</u>, 293 F.3d 19, 25-26 (1st Cir. 2002) (same). Thus, the assignment of error is not properly before us.

For over twenty years, this court has held with monotonous regularity that "fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court." <u>United States</u> v. <u>Mala</u>, 7 F.3d 1058, 1063 (1st Cir. 1993). The rationale is straightforward. Ineffective assistance of counsel claims impose upon the defendant the necessity to show "first, that counsel's performance was constitutionally deficient and, second, that the deficient performance prejudiced the defense." <u>Id.</u> (<u>citing</u> <u>Strickland</u>, 466 U.S. at 687). The evaluation of such claims "typically require[s] the resolution of factual issues that cannot efficaciously be addressed in the first instance by an appellate tribunal." <u>Id.</u> Moreover, "the insights of the trier, who has seen and heard the witnesses at first hand and watched the dynamics of the trial unfold, are often of great assistance." <u>United States</u> v. <u>Moran</u>, 393 F.3d 1, 10 (1st Cir. 2004); <u>see</u> <u>also</u> <u>Mala</u>, 7 F.3d at 1063 ("Under ideal circumstances, the court of appeals should have the benefit of this evaluation; elsewise, the court, in effect may be playing blindman's buff.").

To be sure, we occasionally have considered ineffective assistance of counsel claims that were raised for the first time on direct review. See, e.g., United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991); United States v. Caggiano, 899 F.2d 99, 100 (1st Cir. 1990). By and large, however, we have limited that praxis to situations in which "the critical facts are not in dispute and the record is sufficiently developed to allow reasoned consideration of the claim." Mala, 7 F.3d at 1063. This is not such a case. For one thing, the record before us contains no indication as to why the appellant's trial attorney opted not to file a motion to withdraw the guilty plea. For another thing, the record is murky as to what conversations between the appellant and his lawyer may have informed that decision. Lacking these critical facts, we are constrained to follow our usual practice and treat the ineffective assistance of counsel claim as prematurely raised. See Moran, 393 F.3d at 10-11.

## IV.

### Conclusion

We need go no further. For the reasons elucidated above, we reject the appellant's Rule 11 challenge and dismiss, without prejudice, his ineffective assistance of counsel claim. The latter claim may be reasserted, if the appellant so chooses, in an application for post-conviction relief brought pursuant to 28 U.S.C. § 2255.

**Affirmed**.