**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 04-1413

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN RAMON VEGA-MEJIAS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Rafael F. Castro Lang on brief for appellant.
    H.S. Garcia, United States Attorney, and Nelson Perez-Sosa,
Assistant U.S. Attorney, on brief for appellee.

July 22, 2005

**Per Curiam**.   After pleading guilty to possessing with intent to distribute more than one kilogram (gross weight) of heroin in violation of 21 U.S.C. § 841(a)(1), Juan Ramon Vega-Mejias was sentenced to 10 years' imprisonment, the statutory mandatory minimum for that offense, 21 U.S.C. § 841(b)(1)(A)(I). He now appeals from his conviction and sentence and, for the reasons explained below, we affirm.

First, Vega-Mejias challenges the validity of his guilty plea on the ground that the district court violated Rule 11 of the Federal Rules of Criminal Procedure by not adequately advising him of the consequences of his plea.  In particular, he argues that the district court should have advised him that his prior criminal record rendered him ineligible for a downward departure, below the statutory mandatory minimum, under the "safety valve" provision, U.S.S.G. § 5C1.2; 18 U.S.C. § 3553(f).  Because Vega-Mejias did not raise his Rule 11 claim in the trial court, we review the alleged error under the plain error standard.  United States v. Vonn, 535 U.S. 55, 59, 63 (2002).

Here, no Rule 11 error occurred, much less a plain one. At the change of plea hearing, the district court complied with its obligation to "inform the defendant of, and determine that the defendant understands, . . . any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(I).  In particular, the court explained that by pleading guilty to the charged conduct, Vega-Mejias was

"exposing [him]self to a statutory mandatory minimum term of imprisonment of 10 years" and confirmed Vega-Mejias's awareness of that mandatory minimum. The court further confirmed Vega-Mejias's understanding that "any criminal record that [he] may have" will be relevant to determining what his sentence should be. When asked whether he had a criminal record, Vega-Mejias responded, "No, sir." Given that response, which was later echoed by defense counsel, the court understandably focused primarily on the fifth requirement of the safety valve--defendant's obligation to provide all information he has about the crime--in further explaining that provision.

Next, Vega-Mejias argues that his attorney's failure to investigate his criminal history before advising him to plead guilty deprived him of his constitutional right to effective assistance of counsel. That claim is also unavailing.

As we previously held in similar circumstances, "There is no per se rule that an attorney's failure to investigate independently his client's criminal history before advising him to accept a plea offer is ineffective assistance. . . . [L]awyers are entitled to rely reasonably on the explicit representations of clients about their criminal histories." United States v. Colón-Torres, 382 F.3d 76, 86 (1ˢᵗ Cir. 2004). Rather, "'a determination of whether reliance on a client's statement of his own criminal history constitutes deficient performance depends on the peculiar facts and circumstances of each case.'" Id. (quoting United States

-3-

v. Pease, 240 F.3d 938, 941-42 (11th Cir. 2001)). And as we have often held, "'fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court.'" United States v. Negrón-Narváez, 403 F.3d 33, 40 (1st Cir. 2005) (quoting United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993)). Here, as Vega-Mejias concedes, "[t]he record is unclear as to how much information was developed by his counsel prior to the celebration of the change of plea hearing." Accordingly, this argument is premature; any such ineffective assistance claim should be brought in the district court under 28 U.S.C. § 2255.

Finally, Vega-Mejias argues that the district court erred in imposing a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(I), rather than a five-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(I), because the parties stipulated that the net weight of the heroin carried by Vega-Mejias was 902.7 grams, less than 1 kilogram. The short answer to this argument is that it is the gross weight--not the net weight--of the heroin that controls the length of the mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(A)(I) (establishing mandatory minimum sentence of 10 years in a case involving "1 kilogram or more of a mixture or substance containing a detectable amount of heroin"); Chapman v. United States, 500 U.S. 453, 464 (1991) (explaining

-4-

rationale for use of gross rather than net weights); <u>see also</u> U.S.S.G. § 2D1.1(c) (Drug Quantity Table) n.A (providing that "[u]nless otherwise specified, the weight of a controlled substance set forth in the [Drug Quantity] table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance").   Since Vega-Mejias pled guilty to possessing more than one kilogram (gross weight) of heroin and failed to object to the PSR's statement that he was carrying 1,954.80 grams (gross weight) of heroin, the district court committed no error, plain or otherwise, in imposing the mandatory minimum 10-year sentence under 21 U.S.C. § 841(b)(1)(A)(I).   For the same reason, Vega-Mejias's trial counsel was not ineffective in failing to make this argument below.

Accordingly, the judgment and sentence are <u>affirmed</u>. <u>See</u> Local R. 27(c).