**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2494

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ R. PAULINO-SERRANO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Lynch and Lipez,
Circuit Judges.

Rafael F. Castro Lang on brief for appellant.
Nelson Peréz-Sosa, Assistant U.S. Attorney, Germán A. Rieckehoff, Assistant U.S. Attorney, and H.S. Garcia, United States Attorney, on brief for appellee.

October 20, 2006

**Per Curiam**.  José R. Paulino Serrano ("Paulino"), who pled guilty to conspiring to possess heroin with intent to distribute it and aiding and abetting others in possessing a gun during and in relation to that offense, appeals from his conviction.  On appeal, he argues that his guilty plea should be vacated because (1) the magistrate judge, who recommended that his guilty plea be accepted, did not adequately explain the nature of the charges against him and (2) there was an insufficient factual basis for his plea.  Specifically, Paulino claims that he did not know that the alleged conspiracy involved drugs.[1]  The government argues that these challenges were not raised in the district court and that, therefore, the validity of Paulino's plea is reviewable only under the appellant-unfriendly plain-error standard, rather than the abuse-of-discretion standard that otherwise applies to such claims.  See United States v. Matos-Quiñones, 456 F.3d 14, 21 n.8 (1st Cir. 2006).  We need not determine the applicable standard of appellate review, however, because, as discussed below, under either standard, we find no error in the district court's acceptance of Paulino's plea.

---

[1]At his change of plea hearing in the district court, Paulino also initially disputed his possession of a gun, but, after he admitted knowing that other participants were carrying firearms, and the government and the magistrate judge explained that he need not have been physically carrying a firearm to be subject to being charged with aiding and abetting others in doing so, see United States v. Negrón-Narváez, 403 F.3d 33, 37-38 (1st Cir. 2005), he dropped that argument and does not press it on appeal.

-2-

We start our analysis by reiterating that, for acceptance of a guilty plea to be valid under Rule 11 of the Federal Rules of Criminal Procedure, the plea colloquy need not be perfect. United States v. Padilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003). Indeed, the rule itself requires us to overlook minor errors in the plea proceedings that do not affect substantial rights. Fed. R. Crim. P. 11(h); see also United States v. Raineri, 42 F.3d 36, 45 (1st Cir. 1994).

As to the district court's obligation to explain the nature of the charges, "Rule 11 expressly requires that the district court 'inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading,'" Matos-Quiñones, 456 F.3d at 21 n.8 (quoting Fed. R. Crim. P. 11(b)(1)(G)), and we have construed that obligation to "'includ[e] ensuring that the defendant understands the elements of the charges that the prosecution would have to prove at trial,'" id. (quoting United States v. Gandia-Maysonet, 227 F.3d 1, 3 (1st Cir. 2000)). However, "[t]he manner in which the charge is explained and the method for determining the defendant's understanding of the charge will vary from case to case depending upon the complexity of the charges, the capacity of the defendant, and the attendant circumstances." United States v. Cotal-Crespo, 47 F.3d 1, 6 (1st Cir. 1995). Furthermore, "[i]t is not necessary that the explanation of the charges come directly

from the court . . . if it can be discerned from a review of the proceeding that the defendant nevertheless understood the charges." Id. at 5.

Under those standards, the district court's explanation of the conspiracy charge in this case was sufficient. "'[While the subtleties of conspiracy law may be the bane of criminal law students, the basic principle is easily understood: a group of people agreeing to do something illegal.'" Cotal-Crespo, 47 F.3d at 6 (quoting United States v. Carter, 815 F.2d 827, 829 (1st Cir. 1987)). In more legalistic terms, "the criminal agreement itself is the actus reus," United States v. Shabani, 513 U.S. 10, 16 (1994); to establish a violation of 21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy," id. at 15.

Here, Paulino pled guilty to conspiring to possess heroin with intent to distribute it. After he stated that he did not know that the money he received from his co-conspirators was the proceeds of the sale of drugs and that he did not see any drugs, the court explained that "[t]he fact that you didn't see drugs doesn't mean anything. As long as you thought you were dealing with drugs . . . that's part of the elements of conspiracy, an agreement to commit a crime." After furthering questioning, Paulino agreed that he "did know that the case had to do with drugs" and that he met with his co-conspirators on a particular

date to discuss stealing a kilogram of heroin. On the basis of that colloquy, the magistrate judge reported that Paulino was "aware of the nature of the offenses charged" and recommended that the court accept his guilty plea. Similarly, in accepting that report and recommendation, the district court concluded that Paulino's plea "contain[ed] all elements of the offense charged in the indictment." We see no abuse of discretion in those determinations.

For much the same reasons, we conclude that the district court did not abuse its discretion in adopting the magistrate judge's determination that Paulino "underst[ood] that the charges are supported by the government's evidence." Although "Rule 11 requires a court to 'determine that there is a factual basis for the plea' before entering judgment," United States v. Delgado-Hernández, 420 F.3d 16, 19 (1st Cir. 2005) (quoting Fed. R. Crim. P. 11(b)(3)), the question before the court in making that determination "'is not whether a jury would, or even would be likely, to convict: it is whether there is enough evidence so that the plea has a rational basis in facts that the defendant concedes or that the government proffers as supported by credible evidence.'" Id. (quoting Gandia-Maysonet, 227 F.3d at 6). In other words, all that is required is "'some . . . basis for thinking that the defendant is at least arguably guilty.'" Id. (quoting Gandia-Maysonet, 227 F.3d at 6).

Here, the relevant facts--Paulino's agreement with his co-conspirators to steal "kilogram weights" of heroin--came both from Paulino's own admission that he so agreed and from the government's proffer of audio and video tape-recordings of Paulino at the meeting where the agreement was made. The mere fact that Paulino initially disputed the peripheral fact that the money he later received was the product of the sale of the heroin does not dispel the factual basis for his plea. "That sort of temporary contradiction is inherent in virtually every change of plea." Negrón-Narváez, 403 F.3d at 39; see also United States v. Cheal, 389 F.3d 35, 41 (1st Cir. 2004). What matters is whether "his final answer . . . comprised a factual basis sufficient to allow the district court to accept the proffered plea." Negrón-Narváez, 403 F.3d at 39. Based on "[t]he government['s] . . . . extensive proffer of its evidence[,] with which [Paulino] concurred in pertinent part," the magistrate judge "determined that there is a basis in fact and evidence to establish all elements of the offenses charged" and accordingly recommended that the plea be accepted. We see no abuse of discretion in the district court's adoption of that report and recommendation.

Affirmed. See 1st Cir. R. 27(c).