**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 07-1555

UNITED STATES OF AMERICA,

Appellee,

v.

FLORIAN OTERO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Selya and Stahl, Senior Circuit Judges.

---

Rafael F. Castro Lang, by appointment of the court, for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa and Julia M. Meconiates, Assistant United States Attorneys, on brief for appellee.

---

May 15, 2008

---

**Per Curiam**.  Florian[1] Otero pleaded guilty to one count of aiding and abetting the distribution of five or more kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of carrying a firearm during and in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1).  On February 22, 2007, the district court sentenced Otero to a term of eighty-four months' imprisonment for the drug-trafficking offense and sixty months' imprisonment for the firearm offense, to be served consecutively.  Otero appeals, arguing that his conviction must be reversed because the magistrate judge who took his guilty plea failed to inform him of the elements of the drug-trafficking offense.

The following facts are drawn primarily from the uncontested portions of the Presentence Investigation Report.  Before his arrest, Otero served as a municipal police officer in Vega Baja, Puerto Rico.  During the summer of 2005, the Drug Enforcement Administration and the Federal Bureau of Investigation conducted a joint investigation of corrupt police officers involved in illegal drug trafficking in northern Puerto Rico.  The agencies set up a sting operation in which undercover agents offered officers money in exchange for assistance transporting the drugs.

----

[1]It is not entirely clear from the record whether the defendant's name is correctly spelled "Floiran" or "Florian."  We opt for "Florian," the version which appellant has utilized on appeal.

In exchange for $3,000.00, Otero escorted a load of what he believed to be illegal drugs from Vega Alta to Mantí, Puerto Rico. Otero claims that, after rejecting four previous solicitations to provide escort services, he accepted the fifth such invitation because he needed money to finance an on-going custody dispute concerning his three minor children.

Rule 11 of the Federal Rules of Criminal Procedure requires a court to conduct a plea colloquy to ensure that a defendant has been fully informed of his rights and ascertain whether his plea is knowing and voluntary. United States v. Smith, 511 F.3d 77, 85 (1st Cir. 2007). The court must, inter alia, make certain that the defendant understands "the nature of each charge to which [he] is pleading." Fed. R. Crim. P. 11(b)(1)(G). While a lower court may not discharge its obligations simply by obtaining "a defendant's acknowledgment of signed agreements or other written documents," Smith, 511 F.3d at 85 (citation omitted), we do not require that the court mechanically recite any fixed incantation. United States v. Cotal-Crespo, 47 F.3d 1, 5 (1st Cir. 1995). Rather, viewing the record as a whole, we examine the totality of the circumstances surrounding the plea to determine whether the objectives of the procedural safeguards imposed by Rule 11 have been satisfied. See United States v. Negron-Narvaez, 403 F.3d 33, 39 (1st Cir. 2005).

Because Otero did not object during or at the conclusion of his plea hearing, we review the magistrate judge's purported failure to follow the procedures prescribed by Rule 11 only for plain error.[2]  See United States v. Vonn, 535 U.S. 55, 59 (2002); Smith, 511 F.3d at 85.  To establish plain error, a defendant must show the existence of (1) an error; (2) that is plain; (3) that affected his substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Roy, 506 F.3d 28, 30 (1st Cir. 2007) (citing United States v. Olano, 507 U.S. 725, 732 (1993)).  In the Rule 11 context, satisfying the third prong of this test requires a defendant to demonstrate a reasonable probability that, but for the alleged error, he would not have pleaded guilty.  United States v. Caraballo-Rodriguez, 480 F.3d 62, 76 (1st Cir. 2007).  Obviously, we need not credit a defendant's self-serving representations to this effect.  See United States v. Matos-Quinones, 456 F.3d 14, 23 (1st Cir. 2006).

Otero asserts that the undercover agent's[3] repeated invitations for him to participate in the drug-trafficking scheme constitute entrapment, negating intent.  Thus, Otero postulates

---

[2]We decline to address the parties' conflict regarding the application of the waiver of appeal signed by Otero because doing so is unnecessary to our conclusion.

[3]Otero suggests that he was solicited by a government informant rather than an agent.  Under these circumstances, any factual discrepancy is inconsequential.

that, if the magistrate judge had informed him of the intent element of the charged offense, he would not have pleaded guilty. While it would have been preferable had the magistrate judge explicitly described the elements of the charged offenses, we detect no plain error requiring us to vacate Otero's conviction.

First, the record substantiates that Otero was almost certainly made aware of the requirement that the Government prove intent. The indictment explicitly alleged the intent element of the drug-trafficking offense. At the change of plea hearing, Otero acknowledged that he received a copy of the indictment, reviewed it, and discussed it with counsel. Likewise, the plea agreement also indicated the requirement of intent in relation to the drug-trafficking crime. At the change of plea hearing, Otero acknowledged that he had signed the plea agreement, discussed it with his attorney, and understood it to represent his agreement with the Government. Defense counsel informed the court that he had translated the plea agreement into Spanish for his client. Moreover, we cannot help but observe that "drug trafficking [is not] an obscure crime to a policeman." United States v. Padilla-Gallarza, 351 F.3d 594, 598 (1st Cir. 2003). In sum, we simply do not credit Otero's assertion that he was unaware that the Government must prove intent to obtain a conviction under 21 U.S.C. § 841(a)(1).

Second, although the record has not been fully developed, Otero's evidence of entrapment appears to be minimal. "Entrapment is an affirmative defense." United States v. Shinderman, 515 F.3d 5, 14 (1st Cir. 2008). To make out a prima facie claim of entrapment sufficient to warrant a jury instruction, a defendant must show both improper inducement by the government and a lack of predisposition to commit the offense on his part. Id. "Improper inducement consists of more than providing an opportunity to commit a crime . . . ." United States v. Turner, 501 F.3d 59, 70 (1st Cir. 2007). "The something 'more' generally consists of excessive pressure by the government agent on the defendant or the exploitation of a defendant's noncriminal motive . . . ." Id.

Here, Otero has not satisfied either prong. The fact that the agent may have asked Otero to participate in the scheme on multiple occasions does not necessarily equate to improper inducement. See United States v. Pratt, 913 F.2d 982, 989 (1st Cir. 1990) (rejecting defendant's contention that he was entitled to jury instruction regarding entrapment given evidence of multiple phone calls from the government agent, even coupled with defendant's failure to return phone calls and appear at scheduled meetings); accord United States v. Acosta, 67 F.3d 334, 338 (1st Cir. 1995) (refusing to hold inducement improper as a matter of law where informant made repeated solicitations to defendant). Generally, we have emphasized the method in which the inducement

was attempted, rather than the sheer number of solicitations that occurred, in determining whether inducement in a particular case was improper. See United States v. Gendron, 18 F.3d 955, 961-62 (1st Cir. 1994) (listing cases finding improper inducement); see also United States v. Teleguz, 492 F.3d 80, 84 (1st Cir. 2007) (explaining that improper inducement cannot be shown by demonstrating enthusiasm and persistence of informant). Here, Otero has furnished no description of the circumstances surrounding the alleged solicitations that would indicate any undue coerciveness. The bare assertion that he declined four previous invitations to commit the offense, standing alone, is not enough.

Additionally, Otero's purported prior refusals are not conclusive as to his supposed lack of predisposition to commit the crime. Rather, Otero's own statements suggest the probability that, while he may not have been predisposed to commit the offense initially, his need for money to fund a bitter custody battle with his ex-wife made him receptive to the crime. Significantly, Otero does not allege that the Government was ever aware of his financial difficulties. United States v. Pena, 201 F.3d 429, 1999 WL 1319183, at *7 (1st Cir. Nov. 16, 1999) (unpublished table opinion). Because there is no suggestion that the Government intentionally exploited, much less precipitated, Otero's economic straits, he cannot transform his motive for committing the crime into an affirmative defense. See id. (rejecting entrapment defense

where defendant testified that he needed money to provide his children with school books); <u>United States</u> v. <u>Panet-Collazo</u>, 960 F.2d 256, 259 (1st Cir. 1992) (explaining that "[e]ntrapment does not blossom whenever a person succumbs to . . . the lure of easy money" to ensure family's financial security (citation omitted) (first alteration in original)). Undoubtedly, many defendants decide to break the law only after suffering pecuniary hardship, but that does not ordinarily absolve them of culpability.

Had this case gone to trial, it is possible, though unlikely, that Otero would have adduced sufficient evidence to warrant a jury instruction on entrapment. <u>See</u> <u>Acosta</u>, 67 F.3d at 338. Otero has failed, however, to demonstrate that the undercover agent's solicitations to him constitute entrapment as a matter of law. He has fallen well short of demonstrating a reasonable probability that he would have pleaded not guilty had the magistrate judge explained the intent element of the offense.

Accordingly, we reject Otero's plain error challenge based on his Rule 11 proceeding. The record reflects that he was, in fact, aware of the intent element of the drug-trafficking offense. Additionally, he has not presented adequate evidence of entrapment to overcome the high hurdle imposed by the plain error standard. For the foregoing reasons, we affirm Otero's convictions and sentences.

<u>Affirmed</u>.