**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-2535

UNITED STATES OF AMERICA,

Appellee,

v.

ANGEL MELÉNDEZ-ORSINI, a/k/a Gelo, a/k/a Cerebro, a/k/a Primo,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Stahl and Thompson,
Circuit Judges.

John T. Ouderkirk, Jr., on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana
E. Bauzá-Almonete, Assistant United States Attorney Chief,
Appellate Division, and Julia M. Meconiates, Assistant United
States Attorney, on brief for appellee.

September 27, 2017

**STAHL**, <u>Circuit Judge</u>.  Appellant Angel Meléndez-Orsini ("Meléndez-Orsini") seeks to vacate his conviction on a guilty plea for conspiracy to possess with the intent to distribute a controlled substance within a protected location and possession of a firearm during and in relation to a drug trafficking offense. The United States District Court for the District of Puerto Rico, Juan M. Pérez-Giménez, District Judge, accepted Meléndez-Orsini's plea and sentenced him to a prison term of 180 months.  In this appeal, Meléndez-Orsini challenges the voluntariness of his change of plea.  We AFFIRM.

## I. Factual Background and Prior Proceedings

We recite here the relevant facts.  Meléndez-Orsini was indicted on three counts:  (1) conspiracy to possess with the intent to distribute at least 5 but less than 15 kilograms of cocaine within a protected location, in violation of 21 U.S.C. §§ 860 and 841(b)(1)(A); (2) possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) criminal forfeitures, in violation of 21 U.S.C. § 853.  There were 94 co-conspirators involved in the drug trafficking organization whose members distributed heroin, cocaine, crack and marijuana within one thousand feet of a public housing project.  Often, members of the conspiracy would carry and brandish firearms in connection with their activities.

On December 11, 2014, pursuant to a plea agreement, Meléndez-Orsini pled guilty to Counts One and Two of the indictment. The plea agreement contained a waiver of the right to appeal if the district court sentenced Defendant to the parties' joint recommendation of 120 months on Count One, and 60 months on Count Two, to be served consecutively to Count One. At the change of plea hearing, the district court inquired into Meléndez-Orsini's competence, the voluntariness of his plea and the sufficiency of defense counsel. The court also reviewed the relevant charges in the indictment, the statutorily mandated minimum and maximum sentences, the government's evidence and the signed plea agreement.

At Meléndez-Orsini's sentencing on November 20, 2015, for the first time he asked the court to review the evidence as to Count Two because he had not wanted to plead guilty to that count. The district court denied Defendant's request to review the facts as to Count Two and sentenced Defendant to a total of 180 months incarceration.[1] This timely appeal followed.

## II. Discussion

Meléndez-Orsini claims the district court violated Rule 11 by accepting his change of plea because it was not voluntary,

---

[1] The court sentenced Defendant to a term of 120 months on Count One, and 60 months on Count Two, to be served consecutively to Count One.

intelligent and knowing. Rule 11 provides that "[b]efore accepting a plea of guilty . . . the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises . . . ." Fed.R.Crim.P. 11(b)(2). On appeal, we consider the totality of circumstances to determine if a violation of Rule 11 occurred. See United States v. Martinez-Martinez, 69 F.3d 1215, 1220 (1st Cir. 1995).

## A. Waiver

Before addressing the merits of Meléndez-Orsini's argument, we acknowledge that the plea agreement contains a waiver of appeal provision, which generally "forecloses appellate review of many claims of error." United States v. Chambers, 710 F.3d 23, 27 (1st Cir. 2013). "But where, as here, a defendant enters a guilty plea and agrees to waive his right to appeal . . . a reviewing court must 'address the merits of [his] appeal because his claim of involuntariness, if successful, would invalidate both the plea itself and the waiver of his right to appeal.'" Id. (alteration in original)(quoting United States v. Santiago Miranda, 654 F.3d 130, 136 (1st Cir. 2011)).

B. *Rule 11 Plea Proceedings*

We review Meléndez-Orsini's underlying Rule 11 claim for plain error because Defendant failed to object previously.[2] "In order to establish plain error, a defendant must show that: (1) an error occurred; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." United States v. Ortiz-Garcia, 665 F.3d 279, 285 (1st Cir. 2011)(alteration in original)(citation omitted). Defendant maintains that the district court erred in accepting his change of plea because there was evidence showing that his change of plea was neither knowing nor voluntary. We find no such error.

First, the record reflects that during the colloquy the court asked Meléndez-Orsini on two separate occasions if anyone forced, threatened or harassed him to accept the plea offer, to which he responded "No." The district court also reviewed aloud paragraph 19 of the written plea agreement, which provided that no

---

[2] At sentencing, Meléndez-Orsini asked the district court to "see the evidence as to [Count 2] and make a decision", but at no point did Defendant seek to withdraw his plea prior to sentencing. See United States v. Delgado-Hernandez, 420 F.3d 16, 19 (1st Cir. 2005) ("[B]ecause [defendant] failed to call the district court's attention to the alleged errors in the plea proceedings . . . for example, by seeking to withdraw his plea prior to sentencing . . . his claim is subject only to plain error review on direct appeal.").

threats were made to force Meléndez-Orsini to plead guilty and that he is pleading guilty freely and voluntarily because, in fact, he is guilty.

While the above facts support that the plea was not coerced, we acknowledge that at the beginning of the colloquy, Meléndez-Orsini did express some apprehension about the timing of the plea, conveying that if he had more time, he would think more about his decision to plead guilty.[3]  However, Meléndez-Orsini's minor apprehension does not render his guilty plea involuntary. See United States v. Negron-Narvaez, 403 F.3d 33, 39 (1st Cir. 2005) ("The mere fact that the appellant at one point took a contradictory position as to his culpability . . . neither alters our conclusion nor dispels the factual basis for the plea.").

Second, the district court adequately reviewed the facts as to Counts One and Two.  As to Count Two, the court described a conspiracy, where members knowingly, intentionally and unlawfully possessed and used firearms.  The district court inquired, "is that what you did as to Count II?"  Meléndez-Orsini responded "Yes."  Defendant expressed no confusion as to these facts.

---

[3] The district court asked Defendant if he had enough time to consult with counsel and his wife before pleading guilty. Meléndez-Orsini explained that he did, but if there was more time, "one would even think more about it."  The court explained that even with more time, the options would still be the same, either go to trial or plead guilty.  The Defendant agreed with the court's statement.

Meléndez-Orsini maintains that the court should have realized his change of plea was not voluntary based on his confusion over the government's weapons evidence. During the plea colloquy, the government explained that full discovery was provided to Defendant, including photographs and recordings, which would have been used at trial to prove that Meléndez-Orsini acted as a leader in the drug trafficking organization and routinely possessed firearms in furtherance of the conspiracy. When asked by the court if he agreed with the evidence in possession of the government as to Counts One and Two, Meléndez-Orsini explained that his attorney had viewed the evidence, but that he had not seen the videos.[4] The court then again asked the Defendant whether he participated in the conspiracy as to Counts One and Two, noting, "the fact that you had not seen any videos . . . doesn't preclude you from pleading guilty." Meléndez-Orsini responded, "Yes I'm going to plead guilty." At no point did Defendant deny his involvement as to Counts One or Two.

Although Meléndez-Orsini did not view personally all of the discovery provided by the government, he signed the plea agreement, repeatedly agreed to the statement of facts as summarized by the district court at the plea colloquy and acknowledged on multiple

_____

[4] Meléndez-Orsini told the court that he was unable to view the videos, although his counsel had informed him that he did not appear in the videos.

occasions that his decision to plead guilty to Counts One and Two was voluntary. Viewed in totality, Defendant's statements at the colloquy[5] negate a claim that his change of plea was neither unknowing nor involuntary.

Upon a thorough review of the record and consideration of the totality of the circumstances, we uphold the district court's finding that Meléndez-Orsini understood the nature of the change of plea and voluntarily pleaded guilty. Meléndez-Orsini failed to meet his burden as to the first prong of plain error review; therefore, we need not address the other factors. The judgment of the district court is AFFIRMED.

---

[5] At the sentencing hearing, Defendant explained, "I didn't really want to plead guilty [as to Count Two] because I had nothing to do with weapons or giving protection to the drugs or anything like that." This statement, albeit clear, occurred almost a year after Meléndez-Orsini's change of plea. This change of position is insufficient to warrant a finding of error based on the voluntariness of the plea.