# United States Court of Appeals
## For the First Circuit

No. 18-1600

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ MERCEDES LEON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]

Before

Lynch, Selya, and Boudin,
Circuit Judges.

Lisa Aidlin on brief for appellant.
Richard B. Myrus, Acting United States Attorney, and Donald C. Lockhart, Assistant U.S. Attorney, on brief for appellee.

April 8, 2019

BOUDIN, **Circuit Judge**. On May 18, 2017, a Rhode Island federal grand jury charged José Mercedes Leon ("Mercedes"), a citizen of the Dominican Republic, with one count of illegal reentry of an alien who had previously been removed from the United States, 8 U.S.C. § 1326(a). The indictment charged Mercedes with having "knowingly entered and [been] found in the District of Rhode Island" on or about May 2, 2017, without having obtained the consent of the Attorney General of the United States to return notwithstanding his prior order of removal.

Mercedes had previously been ordered removed from the United States on three separate occasions and also had past convictions and corresponding prison sentences for drug-related offenses, felony assault with a machete, trespassing, and resisting arrest. His May 2, 2017, arrest by Immigration and Customs Enforcement ("ICE") authorities immediately followed his release from state prison in Rhode Island, on the heels of a conviction and six-month prison sentence for heroin possession; ICE officials compared his fingerprints to those found on prior warrants for his removal and discovered a match.

In due course, Mercedes entered a straight guilty plea to the section 1326 charge. Fed. R. Crim. P. 11. At the change-of-plea colloquy, the district court confirmed that Mercedes was competent to enter a plea of guilty, that he was "voluntarily deciding to change [his] plea to guilty," that he understood it

was likely he would be deported again, and that he understood that he was admitting to the facts stated by the government as to his offense conduct. The court accepted the plea and sentenced Mercedes to 29 months' imprisonment and three years of supervised release, although the guideline sentencing range was 46-57 months.

Mercedes now argues on appeal that the district court erred in accepting his guilty plea because when he returned to the United States in 2011, he was forced into crossing the southern border and acting as a drug mule by Los Zetas gang, which had kidnapped him in Guatemala; therefore, he claims that he did not "voluntarily" re-enter the United States and that his guilty plea therefore lacked an adequate basis in fact. See, e.g., United States v. Negrón-Narváez, 403 F.3d 33, 37 (1st Cir. 2005). Relatedly, he argues that the district court violated Rule 11 by not ascertaining with certainty at the change-of-plea colloquy whether Mercedes understood the elements of the crime charged, Fed. R. Crim. P. 11(b)(1)(G), namely, that in order to be convicted, he must have voluntarily re-entered the United States.

In deciding whether to accept a plea under Rule 11, a district court must "ascertain whether the record permits a conclusion that the plea has a rational basis in fact." Negrón-Narváez, 403 F.3d at 37; see also United States v. Delgado-Hernández, 420 F.3d 16, 27 (1st Cir. 2005). The district judge must also ensure that the plea was voluntary, knowing, and

intelligent, and that the defendant understands the nature of the charge to which he is pleading guilty. Fed. R. Crim. P. 11(b)(1)(G) & (b)(2); see also United States v. Díaz-Concepción, 860 F.3d 32, 36 (1st Cir. 2017).

Mercedes concedes that he did not raise his claims of error below in connection with his change of plea, and therefore our review is for plain error. United States v. Urbina-Robles, 817 F.3d 838, 842 (1st Cir. 2016). There was no error here, much less plain error, in the district court's decision to accept the plea or in its determination that Mercedes's guilty plea was knowing and intelligent.

As to the "factual basis for the plea," Fed. R. Crim. P. 11(b)(3), there was plainly "an admission, colloquy, proffer, or some other basis for thinking that the defendant [was] at least arguably guilty," United States v. Gandia-Maysonet, 227 F.3d 1, 6 (1st Cir. 2000). Mercedes was a serial violator of the immigration laws and even if he was coerced in 2011 to cross the southern border--a matter on which we take no view--he was hardly forced into remaining in the United States for six years or forced into entering Rhode Island, a non-border state, where he was then "found" in 2017. See United States v. DeLeon, 444 F.3d 41, 52 (1st Cir. 2006) ("Where an alien is indicted under the 'found in' prong" of section 1326, "the alien is deemed to have committed the offense at the moment he was 'found.'").

- 4 -

With respect to Mercedes' second argument, the transcript of Mercedes' change-of-plea hearing is clear on its face that the district judge walked Mercedes through the consequences of pleading guilty, made sure that he had discussed these issues with his attorney, and confirmed that he was knowingly and voluntarily pleading guilty. Mercedes's argument to the contrary rests on the same flawed premise he advances above--namely, that his story about his 2011 kidnapping somehow renders his having entered and been found in Rhode Island in 2017 involuntary--and is thus easily dismissed.

Finally, the argument that Mercedes reentered involuntarily in 2011 was not raised until the sentencing phase and was urged upon the court by defense counsel as a mitigating factor justifying a downward departure or variance from the guidelines. The district court was never called upon by defense counsel to vacate the plea based on this allegation, nor would the court have had any reason to do so in light of the actual allegations underpinning the indictment and guilty plea.

**Affirmed.**