# United States Court of Appeals
## For the First Circuit

No. 05-1402

UNITED STATES OF AMERICA,

Appellee,

v.

OMAR GENAO-SÁNCHEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Circuit Judge.
Selya, Senior Circuit Judge,
and Lynch, Circuit Judge.

Lydia Lizarribar-Masini on brief for appellant.
Omar Genao-Sánchez, pro se, on supplemental brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney (Chief, Appellate Division), and Rosa Emilia Rodríguez-Veléz, United States Attorney, on brief for appellee.

May 7, 2008

**SELYA**, **Senior Circuit Judge**.  Defendant-appellant Omar Genao-Sánchez (Genao) challenges the district court's refusal to conduct a sentencing hearing after vacation of some, but not all, of the original counts of conviction.  See United States v. Rodríguez-Marrero, 390 F.3d 1, 32 (1st Cir. 2004).[1]  He contends, among other things, that the failure to resentence him contravened this court's mandate.  Concluding, as we do, that the lower court erred, we remand for resentencing.

We rehearse here only those facts necessary to place this appeal into perspective.  The reader who hungers for more exegetic detail may consult our earlier opinion.  See id. at 5-11.

On December 17, 1997, a federal grand jury charged the appellant with conspiracy to possess more than five kilograms of cocaine and other drugs with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  The grand jury twice superseded the indictment.  Pertinently, in July 2000 it handed up a second superseding indictment that charged the appellant with two additional crimes: conspiring to use a firearm in furtherance of the aforementioned drug conspiracy, death resulting, in violation of 18 U.S.C. § 924(o), and aiding and abetting the commission of that crime, in violation of 18 U.S.C. §§ 2 and 924(j).  For simplicity's sake, we shall refer to these counts sequentially as

---

[1]Rodríguez-Marrero was one of two codefendants tried with the appellant.  Neither of those codefendants is a party to this appeal.

count one (the drug conspiracy count), count two (the firearms count), and count three (the aiding and abetting count).  After a protracted trial, a jury pronounced the appellant guilty on all three counts.

The district court convened a disposition hearing on March 18, 2002.  Working under the then-mandatory sentencing guidelines, the court grouped the three counts of conviction.  See USSG §3D1.2 (authorizing grouping, for sentencing purposes, of counts that involve the same harm).  The sentencing guidelines directed the court to use the offense level for the most serious of the grouped counts in fixing the base offense level (BOL).  See id. Because counts two and three involved the death of a person, those counts triggered a BOL of 43.  See id. §2A1.1.  Using that BOL for the grouped counts, the court sentenced the appellant to life imprisonment on each count of conviction.  The court ran the sentences concurrently.

On direct review, we vacated the appellant's convictions on counts two and three due to errors in the admission of evidence.  See Rodríguez-Marrero, 390 F.3d at 15-21.  At the same time, we affirmed the appellant's conviction on count one. Id. at 21.  We concluded:

> For the foregoing reasons, we VACATE Genao's convictions on counts two and three of the second superseding indictment and REMAND to the district court for a new trial on those charges if the government wishes to so

> proceed, and for resentencing. We AFFIRM
> Genao's conviction on count one . . . .

Id. at 32.

Following remand, the government eschewed a retrial on either count two or count three. However, it urged the district court to allow the life sentence previously imposed on count one to stand without conducting a new sentencing hearing. The appellant opposed this suggestion, expostulating that our decision in Rodríguez-Marrero mandated the holding of a new sentencing hearing.

The government convinced the district court. Pointing out that the Rodríguez-Marrero panel had affirmed the appellant's conviction on count one, the court opted to "trash out" the sentences on counts two and three but to leave intact the existing sentence on count one. The court accomplished this result by entering an amended judgment, without convening a new sentencing hearing. This timely appeal ensued.

Before us, the appellant asserts that the district court committed reversible error when it indulged the government's preference and trimmed the original judgment without sentencing him anew. He reasons that eschewing a fresh sentencing hearing was not only contrary to this court's mandate but also prejudicial because, given the vacation of the convictions on counts two and three and the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), he was no longer subject to an automatic life sentence.

The government counters that the district court's decision to leave the sentence on count one intact was a proper exercise of its discretion because, notwithstanding the vacation of the convictions on counts two and three, the court could have cross-referenced the first-degree murder guideline, USSG §2D1.1(d)(1), and meted out a life sentence on count one alone — a sentence that would have been within the statutory maximum. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).

In the first instance, our analysis must turn on an interpretation of the mandate in Rodríguez-Marrero. If the opinion, fairly read, called for resentencing, then the outcome of this appeal is dictated by the law of the case. This is a quintessentially legal question, so our review is plenary. See Conley v. United States, 323 F.3d 7, 22 (1st Cir. 2003).

The law of the case doctrine contains two branches. One branch, not implicated here, deals with when a legal determination made by a court in a civil or criminal case establishes the law of that case throughout the balance of litigation in that court. See, e.g., Ellis v. United States, 313 F.3d 636, 646 (1st Cir. 2002).

This appeal implicates the second branch of the doctrine: the so-called "mandate rule." That rule "prevents relitigation in the trial court of matters that were explicitly or implicitly decided by an earlier appellate decision in the same case." United States v. Moran, 393 F.3d 1, 7 (1st Cir. 2004). In interpreting

the mandate, the district court "must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." United States v. Connell, 6 F.3d 27, 30 (1st Cir. 1993) (quoting United States v. Kikumura, 947 F.2d 72, 76 (3d Cir. 1991)).

This branch of the law of the case doctrine has obvious pertinence here. If, as the appellant insists, our earlier opinion directs resentencing on count one, the mandate rule would require the district court to hold a new sentencing hearing — and a failure to abide by that imperative would be error. We therefore parse the operative language of our prior opinion to discern the contours of its mandate.

Such an exercise makes pellucid that we remanded this case to the district court to resentence the appellant on count one. The district court was instructed to "vacate [the appellant's] convictions on counts two and three." Rodríguez-Marrero, 390 F.3d at 32. It was told that it would re-acquire the case "for a new trial on those charges if the government wishes to so proceed, and for resentencing." Id. This language clearly conveys two distinct commands. First, it instructs the district court to wipe out the judgments on counts two and three and to retry those counts if the government elects to press forward. Second, it independently instructs the district court to "resentenc[e]" the appellant. Since the only conviction left

standing in the wake of our earlier opinion was the conviction on count one, the directive to resentence necessarily referred to that count. A mandate, like a statute, should be read so that to the maximum extent practicable every word and phrase has meaning; and any other reading of Rodríguez-Marrero would render superfluous our instruction to "resentenc[e]" the appellant.

Were there some ambiguity about this point — and we do not think that there is — the very next sentence in the concluding paragraph of the Rodríguez-Marrero opinion eliminates any vestige of a doubt. Although we affirmed "the convictions and sentences" of the appellant's codefendants on count one, we affirmed only the appellant's "conviction" on that count. Id. Conspicuously absent was any language presuming to affirm the appellant's sentence. That omission can only be viewed as deliberate.

We add a coda. The prosecution, which urged a misconstruction of our mandate on the district court, bears considerable responsibility for what ensued. In all events, the failure to resentence the appellant as the Rodríguez-Marrero panel had directed was not harmless. We explain briefly.

To begin, the appellant's guideline sentencing range (GSR) may or may not differ from the GSR originally calculated by the district court. With the grouped counts dropped out of the equation, the appellant's GSR will now depend on the district

court's factfinding.[2]  See, e.g., United States v. O'Brien, 435 F.3d 36, 41 (1st Cir. 2006); United States v. Vega Molina, 407 F.3d 511, 535 (1st Cir. 2005); see also United States v. Phillips, 219 F.3d 404, 420 (5th Cir. 2000) (vacating entire sentence on all counts of conviction because the sentence was calculated through a grouping that contained vacated counts).

Even apart from changes in the GSR, the dropped counts alter the dimensions of the sentencing "package."  That circumstance, in and of itself, may lead a sentencing court to impose a different sentence.  See United States v. Pimienta-Redondo, 874 F.2d 9, 17 (1st Cir. 1989) (en banc) (affirming a different sentence given by the district court at resentencing on a single count of conviction after vacation of a conviction on a parallel count).

Perhaps most important, the sentencing guidelines, which were viewed as mandatory when the appellant was originally sentenced, are now interpreted as advisory.  See Booker, 543 U.S. at 240-41.  This means that whether or not the GSR remains the same, the sentencing court has much greater latitude in shaping a particular sentence.  See Gall v. United States, 128 S. Ct. 586,

_____

[2]In the absence of some upward adjustment, the conviction for conspiring to distribute more than five kilograms of cocaine would carry a BOL of 32.  With a criminal history category of III, the GSR under the advisory guidelines would be 151-188 months.  See USSG ch. 5, pt. A (sentencing table) (2002).

591 (2007); United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008).

To be sure, the government is correct when it insists that the district court could still sentence the appellant to life imprisonment if it found that a murder had been committed during and in furtherance of the drug conspiracy. See USSG §2D1.1(d)(1). But the district court has never made such a finding — and the appellant, whose right of allocution must be held sacrosanct, was entitled to contest that point at a new sentencing hearing.[3] See United States v. De Alba Pagán, 33 F.3d 125, 129 (1st Cir. 1994) (explaining that "[t]he right of allocution affords a criminal defendant the opportunity to make a final plea to the judge on his own behalf prior to sentencing"); see also id. at 130 (warning that "if the trial court fails to afford a defendant either the right of allocution . . . or its functional equivalent, vacation of the ensuing sentence must follow automatically").

To sum up, the failure to convene a new sentencing hearing deprived the appellant of the opportunity to argue his position both as to matters of fact relevant to sentencing and as

---

[3]The district court did say, subsequent to the order of remand, that it had made the necessary factual findings at the original disposition hearing. However, close perscrutation of the record reveals no such factfinding. To the contrary, the court relied on the now-vacated convictions (counts two and three) to overrule the appellant's objection to use of murder as an integer in the sentencing calculus.

to the appropriate sentence to be imposed.  The error, therefore, was prejudicial.

We need go no further.[4]  Because the district court erred in failing to resentence the appellant on the sole remaining count of conviction, we vacate the amended judgment and remand to the district court with instructions to hold a resentencing hearing on count one.  We take no view as to the appropriate sentence to be imposed; in the first instance, that is for the district court to decide.

**So Ordered**.

---

[4]In a pro se brief, the appellant argues that his life sentence violates the rule of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  But "Apprendi error arises only if the defendant receives a sentence beyond the default statutory maximum for the offense of conviction." United States v. Jiminez, 498 F.3d 82, 87 (1st Cir. 2007).  In this case, a life sentence is within the statutory maximum.  See 21 U.S.C. § 841(b)(1)(A).