# United States Court of Appeals
## For the First Circuit

No. 16-2071

UNITED STATES OF AMERICA,

Appellee,

v.

RAFAEL SANTIAGO-REYES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

Javier A. Morales-Ramos on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney,
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and B. Kathryn Debrason, Assistant United
States Attorney, on brief for appellee.

December 15, 2017

**LYNCH, Circuit Judge**.  Rafael Santiago-Reyes appeals from the reduced sentence he received after a limited remand for resentencing.  He argues that the district court should have dismissed his 18 U.S.C. § 924(c) count in light of Johnson v. United States, 135 S. Ct. 2551 (2015).  We disagree.  Santiago-Reyes had a pending 18 U.S.C. § 2255 motion to vacate his sentence, based on the same Johnson grounds, which the court said it would entertain in a separate hearing.  His motion to dismiss was (1) premature, and (2) barred by the mandate rule.  Accordingly, we affirm Santiago-Reyes's sentence, and we remand with instructions for the district court to address the pending § 2255 motion as soon as practicable.

I.

We give the background for why the case was remanded for resentencing.  On April 28, 2012, the Puerto Rico Police Department received a report that three individuals had robbed a home and fled in a red Toyota Yaris.  Shortly thereafter, two masked men entered a store, Agrocentro Solá.  One man held the two employees at gunpoint, while the other grabbed $600 from the cash register.  The men then pushed the employees against the wall, hit one of the employees in the head, and stole both employees' cellphones and an additional $300 before fleeing by car.

Responding to the employee's 9-1-1 call, the police spotted a red Toyota Yaris nearby and gave chase.  When the vehicle

- 2 -

finally stopped, the officers arrested the three men inside -- including the defendant in this case, Rafael Santiago-Reyes -- and seized a revolver, two masks, cellphones, and approximately $900 in cash from the car.

Santiago-Reyes later confessed to the home robbery and to possessing a weapon during the Agrocentro Solá robbery. For his role in the Agrocentro Solá robbery, Santiago-Reyes was indicted on two counts: (1) interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951 ("The Hobbs Act"); and (2) carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). He pled guilty to both counts.

The plea agreement stipulated that Santiago-Reyes's total offense level was 17 (after applying a three-level reduction for acceptance of responsibility). Together with a criminal history category ("CHC") of I, the recommended Guidelines sentence range ("GSR") was 20-34 months of imprisonment for Count 1, and 66 months of imprisonment for Count 2.

The district court, however, refused to apply the three-level reduction at the sentencing hearing, and instead imposed a two-level enhancement for reckless endangerment during flight, and another two-level enhancement for obstruction of justice. Based on a total offense level of 24, and CHC of I, the applicable GSR for Count 1 became 51-61 months of imprisonment. The judge

ultimately sentenced Santiago-Reyes to 51 months of imprisonment for Count 1 and a consecutive 66 months of imprisonment for Count 2.

In February 2014, Santiago-Reyes appealed his sentence, arguing that the district court erred in imposing the enhancements, and in refusing to grant the three-level reduction for his acceptance of responsibility.[1]  This court vacated the sentence in a judgment order, and remanded the case back to the district court with the following instructions:

> While the record supports application of the [reckless endangerment during flight] enhancement to Pag[á]n-Bibiloni, who was the driver of the vehicle fleeing the scene of the robbery, it is not clear whether the enhancement may be applied to D[í]az-Cestary and Santiago-Reyes, who were passengers in the vehicle, without facts establishing they "aided or abetted, counseled, commanded, induced, procured, or willfully caused" reckless endangerment during flight. The parties did not raise or brief application of the enhancement to D[í]az-Cestary and Santiago-Reyes on this basis, nor did the court adequately explain its reasons for applying the enhancement to them.  The judgment is therefore vacated and <u>this matter remanded for further briefing and, if necessary, factfinding on the issue of application of USSG § 3C1.2 (2012) to D[í]az-Cestary and Santiago-Reyes</u>.

---

[1]    The district court's calculation of Santiago-Reyes's sentence was the <u>sole</u> issue of his first appeal.  He never contested whether a conviction under the Hobbs Act (Count 1) qualified as a predicate offense under § 924(c) (Count 2).

_United States_ v. _Santiago-Reyes_, No. 13-1680 (1st Cir. May 4, 2015) (judgment order) (emphasis added) (citations omitted). Subsequently, the district court ordered briefing on the reckless-endangerment enhancement, and concluded that it did not apply to Santiago-Reyes. The judge then ordered Santiago-Reyes to appear for a resentencing hearing on July 26, 2016.

On July 7, 2016, before the hearing, Santiago-Reyes filed a pro se motion under 18 U.S.C. § 2255 to vacate Count 2 of his sentence, arguing that his Hobbs Act conviction (Count 1) could not serve as a predicate offense for his § 924(c) conviction (Count 2) because the residual clause of that statute -- § 924(c)(3)(B) -- was void under _Johnson_, 135 S. Ct. 2551. A few weeks later, on July 24, 2016, his counsel filed a motion to dismiss Count 2 of his conviction on the same grounds. His counsel conceded that "the motion is premature (he has not yet been sentenced after his appeal)." Counsel also inconsistently argued that "the _Johnson_ matter is ripe for discussion now before this Honorable Court."

The district court disagreed during the resentencing hearing. The judge refused to consider the _Johnson_ issue because the matter was not ripe, and Santiago-Reyes's counsel acquiesced:

> MR. MORALES-RAMOS: I understand, Judge, that the referral to another case is immature because he has not been sentenced yet. So he cannot --

- 5 -

> THE COURT: No, no, no. It's not that he hasn't been sentenced yet -- well, it's part of it, but it's another case. It's not this case. As a matter of fact, it's a civil case.
>
> MR. MORALES-RAMOS: I understand, Judge.
>
> THE COURT: So, therefore, I am going to let -- and it was referred to a magistrate judge.
>
> So I am going to allow the Government to provide its position and let the magistrate judge issue its report and recommendation. That's it.
>
> MR. MORALES-RAMOS: Okay. Our position is in the motion we filed.

The district court then lowered Santiago-Reyes's total offense level from 24 to 22, and resentenced him to 41 months of imprisonment for Count 1 (the low end of the GSR) and a consecutive 66 months of imprisonment for Count 2. At the time of this appeal, Santiago-Reyes's § 2255 motion had been stayed by agreement pending the resolution of Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), cert. granted, 137 S. Ct. 31 (2016) (oral argument Oct. 2, 2017). The U.S. Supreme Court has yet to issue a decision. As a result, the stay is still in effect.

## II.

Santiago-Reyes argues on appeal that the district court erred in not dismissing his 18 U.S.C. § 924(c) count pursuant to the Supreme Court's decision in Johnson, 135 S. Ct. 2551. He asserts that a conviction under the Hobbs Act is not a "crime of

- 6 -

violence" under § 924(c).  But we need not decide whether <u>Johnson</u> applies here.  The district court did not err in declining to address, on procedural grounds, Santiago-Reyes's motion to dismiss.[2]

Defendant's counsel conceded in his briefing on the motion to dismiss that the motion was "premature," and did not object at the resentencing hearing to the judge's finding that the motion was not ripe because the <u>Johnson</u> claim was first raised in a § 2255 motion that was pending.  The coup de grâce to Santiago-Reyes's argument is that <u>this precise appeal</u> is standing in the way of finalizing his sentence so that the district court can consider his § 2255 motion, which has been pending for 14 months.  As such, the district court did not err.

In any case, consideration of the <u>Johnson</u> issue during resentencing would have been barred by the mandate rule.  Our circuit "generally requires that a district court conform with the remand order from an appellate court."  <u>United States</u> v. <u>Ticchiarelli</u>, 171 F.3d 24, 31 (1st Cir. 1999).  "A district court seeking to determine the scope of remand must therefore consider

---

[2]    The Government argues that either Santiago-Reyes forfeited his argument, or, in the alternative, plain error review applies because Santiago-Reyes failed to preserve his objection to his <u>Johnson</u> claim at the resentencing hearing.  Because Santiago-Reyes's claim fails even under the more favorable abuse of discretion standard, we will not pass upon whether his claim was, in fact, waived.

carefully 'both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'"  United States v. Dávila-Félix, 763 F.3d 105, 109 (1st Cir. 2014) (quoting United States v. Genao-Sánchez, 525 F.3d 67, 70 (1st Cir. 2008)).

Here, the purpose of our limited remand was unequivocal: to determine whether the reckless-endangerment enhancement applied to Santiago-Reyes.  And the "letter" of our judgment limited the district court to elicit "further briefing and, if necessary, factfinding" to resolve that issue.  Whether Johnson applied fell far outside the scope of remand, especially because Santiago-Reyes never raised the issue until his motion to dismiss.

## III.

Accordingly, we affirm the district court's resentencing order and remand the case with instructions for the district court to conduct a hearing on the pending § 2255 motion as soon as practicable, after the Supreme Court resolves Dimaya, No. 15-1498 (Oct. 2, 2017).

So ordered.