# United States Court of Appeals
## For the First Circuit

No. 06-2343

UNITED STATES OF AMERICA,

Appellee,

v.

CIRILO JIMINEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Lipez, Circuit Judge,
Selya and Stahl, Senior Circuit Judges.

Martin D. Harris on brief for appellant.
Thomas P. Colantuono, United States Attorney, and Donald A. Feith, Assistant United States Attorney, on brief for appellee.

August 14, 2007

**SELYA**, **Senior Circuit Judge**. In this proceeding, the appellant asks us to vacate his guilty plea or, alternatively, to set aside his sentence. If all else fails, he prays for relief based on the ineffective assistance of counsel and the discovery of new evidence. Discerning no merit in any of these importunings, we affirm the judgment below.

Because this appeal follows a guilty plea, we draw the relevant facts from the change-of-plea colloquy, the presentence investigation report, and the transcript of the disposition hearing. See United States v. Mercedes Mercedes, 428 F.3d 355, 357 (1st Cir. 2005).

This case had its genesis in a scheme that entailed transporting heroin between Rhode Island and New Hampshire and then distributing it. After a time, two deaths resulted from heroin overdoses. Investigators concluded that one Brian Mahoney was the source of the death-inducing heroin.

The authorities, using a pen register and trap-and-trace device, charted hundreds of telephone calls between Mahoney's telephone and a telephone linked to defendant-appellant Cirilo Jiminez. After his arrest, Mahoney agreed to cooperate, identified the appellant as his supplier, and made a controlled buy from the appellant. The appellant's arrest and indictment followed apace.

On July 27, 2005, the appellant appeared before the district court, withdrew his original plea, and entered a plea of

guilty to a count of conspiracy to distribute 100 grams or more of heroin, death resulting. See 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(i), 846. Under a negotiated plea agreement (the Agreement), the government pledged to drop the other two counts contained in the indictment.

At the change-of-plea hearing, the district court, through an interpreter, reviewed the Agreement with the appellant. See Fed. R. Crim. P. 11(b)(1). In response to the court's questions, the appellant acknowledged the accuracy of the prosecution's version of the relevant events. He also confirmed his understanding that the charge to which he was pleading carried a 20-year mandatory minimum sentence and that he would not be able to withdraw his guilty plea should the court eschew the government's sentencing recommendation.

At the conclusion of the colloquy, the district court determined that the plea was being tendered knowingly and voluntarily, and that a factual basis existed for it. Accordingly, the court accepted the plea.

The disposition hearing took place on August 31, 2006. The district court imposed a 20-year incarcerative term. This timely appeal followed.

The appellant's main arguments, neither of which was raised below, are cast in the raiment of Rule 11. Where, as here, a defendant fails to object below to particular aspects of a

change-of-plea proceeding and asserts objections for the first time on appeal, appellate review is for plain error.[1]  See Mercedes Mercedes, 428 F.3d at 358.  In order to establish plain error, the defendant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).  We apply that standard here.

In order to pass constitutional muster, a guilty plea must be both knowing and voluntary.  Bousley v. United States, 523 U.S. 614, 618 (1998); United States v. Delgado-Hernandez, 420 F.3d 16, 19 (1st Cir. 2005).  Accordingly, the trial court must ensure that a defendant understands the nature of the charges to which he purposes to plead and the penalties that may attach.  See United States v. Gandia-Maysonet, 227 F.3d 1, 3 (1st Cir. 2000); see also Fed. R. Crim. P. 11(b)(1).  In this instance, the appellant contends that he was unaware of the mandatory minimum sentence and

---

[1]Although the appellant at one point filed a pro se motion to withdraw his guilty plea, that motion contained no articulation of any of the grounds that he now advances in support of withdrawing his plea.  The district court denied that motion without prejudice, allowed the appellant to dismiss his counsel, and advised him to consult successor counsel regarding withdrawal of the plea. Although the appellant retained a new lawyer, he never filed a revised motion to withdraw his plea.  We construe this failure as a forfeiture.  See United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002).

that, therefore, he could not have made a knowing and voluntary plea.

We summarily reject this contention. The 20-year mandatory minimum term of imprisonment was spelled out, bluntly and distinctly, in the Agreement. The appellant, represented by counsel and aided by an interpreter, signed the Agreement. Moreover, he indicated during the change-of-plea colloquy that he had read the Agreement and understood its contents. Last — but far from least — the district court, during that colloquy, informed the appellant of the mandatory minimum sentence with unmistakable clarity.[2] It is thus apparent that the record conclusively reflects the appellant's argument.

To be sure, the appellant says that he was misled by the suggestion that his guideline sentencing range would be 168-210 months. But a sentencing court is not bound to credit self-serving protestations, see, e.g., United States v. Ramos, 810 F.2d 308, 313 (1st Cir. 1987), and we too are free to reject such claims. In all events, any conceivable confusion would have been dispelled by the court's clear statement about the mandatory minimum prison term. See United States v. Isom, 85 F.3d 831, 835-36 (1st Cir. 1996).

---

[2]We quote the relevant exchange:

**THE COURT:** "The charge against you carries a prison term of up to life and a mandatory minimum prison term of 20 years. Do you understand that?"
**MR. JIMINEZ:** "Yes."

-5-

Consequently, we see no error — let alone plain error — in the district court's finding that the appellant's plea was tendered knowingly and voluntarily.

The appellant also asserts for the first time on appeal that his plea rested on an inadequate factual predicate. He bases this assertion on a purported lack of evidence that the heroin he distributed led to either of the two deaths identified by the government.

The legal framework is familiar: before a guilty plea can be accepted, the district court is required to find that a factual basis for the plea exists. See Fed. R. Crim. P. 11(b)(3). This requirement serves to ensure that the defendant's conduct actually corresponds to the charges lodged against him. United States v. Negrón-Narváez, 403 F.3d 33, 37 (1st Cir. 2005). It protects a defendant "who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." United States v. Ventura-Cruel, 356 F.3d 55, 59-60 (1st Cir. 2003) (quoting Fed. R. Crim. P. 11 advisory committee's note (1966 amendment)). The facts relevant to this inquiry may be gleaned either from the defendant's admissions or from the prosecution's version of the evidence (to the extent that it is acknowledged by the defendant). Gandia-Maysonet, 227 F.3d at 6.

Here, "death resulting" was no mere lagniappe but, rather, an essential element of the charge to which the appellant pleaded.  See United States v. Soler, 275 F.3d 146, 152 (1st Cir. 2002).  Thus, the factual basis for the plea had to cover this point. We think that it did.

At the change-of-plea hearing, the government offered a more than sufficient scenario linking the appellant to the heroin-related deaths.  The change-of-plea record indicates that Mahoney was tightly tied to the heroin ingested by both decedents shortly before they died.  Mahoney, in turn, named the appellant as his supplier and told the authorities that he had been dealing with the appellant for almost two years; during that period, he had purchased significant quantities of heroin (between 150 and 300 bags a week).  A subsequent search of the appellant's vehicle incident to his arrest revealed 300 bags of heroin on hand.

In an attempt to blunt the force of the prosecution's version of events, the appellant, going beyond the confines of the change-of-plea record, sketches two alternative scenarios.  First, he speculates that the heroin Mahoney purchased from him may have been for Mahoney's personal use and, thus, not distributed to the decedents.  Second, he speculates that Mahoney may have had another supplier for heroin and that the death-inducing heroin may have come from that source.  These surmises miss the mark.

A Rule 11 inquiry is not designed to prove a criminal defendant's guilt beyond all doubt.  See Negrón-Narváez, 403 F.3d at 37; United States v. Webb, 433 F.2d 400, 403 (1st Cir. 1970).  A mere possibility (say, that the heroin may have been for personal use or that Mahoney may have had a second supplier) might constitute a plausible line of defense at trial, but such possibilities, without more, are not enough to dissipate an intact factual basis for a guilty plea.  Negrón-Narváez, 403 F.3d at 37.  In other words, as long as the government's proffered facts, conceded by the defendant to be true, touch all the bases, there is a sufficient factual basis for the tendered plea.  It is immaterial that the proffer does not exclude every hypothesis consistent with the defendant's innocence.

So it is here.  The change-of-plea record provides an ample factual predicate for the appellant's guilty plea.  That factual predicate may not have been impervious to attack at trial — but it did not have to be.  Consequently, there was no plain error in the district court's conclusion that a satisfactory factual basis existed for the plea.

Moving from his conviction to his sentence, the appellant argues that the "death resulting" element that enhanced his sentence should have been proven beyond a reasonable doubt.  This argument is based loosely on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 476-77 (2000).

The argument is a non-starter. Apprendi is inapplicable in this case because the "death resulting" element was part and parcel of both the indictment and the offense of conviction. To cinch matters, the appellant admitted responsibility for the victims' deaths during the change-of-plea colloquy — that concept was embedded in the prosecution's version of the events, to which he acceded — and his guilty plea waived any right to have the underlying facts found by a jury beyond a reasonable doubt. See United States v. Gil-Quezada, 445 F.3d 33, 35 (1st Cir. 2006).

If more were needed — and we doubt that it is — an Apprendi error arises only if the defendant receives a sentence beyond the default statutory maximum for the offense of conviction. See Duarte, 246 F.3d at 60. That is not what occurred here. The statute under which the appellant was charged provides in pertinent part that a person who unlawfully distributes 100 grams or more of heroin "shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841(b)(1)(B). The appellant received a sentence of 20 years — well below the 40-year statutory maximum for this offense. Hence, the claim of Apprendi error is hopeless.

The appellant next suggests that, in order for the court to impose a 20-year term of immurement under 21 U.S.C. § 841(b)(1)(B), the government would have had to proffer evidence that death was a reasonably foreseeable consequence of his heroin

distribution. In the absence of such evidence, the appellant argues, his sentence should be vacated. To support this argument, the appellant cites a line of cases holding that a defendant may not be sentenced for a drug quantity that, while properly attributable to the conspiracy to which he belonged, was not foreseeable to him. See, e.g., United States v. Colon-Solis, 354 F.3d 101, 103 (1st Cir. 2004); United States v. Lanni, 970 F.2d 1092, 1093 (2d Cir. 1992).

This argument cannot survive even cursory scrutiny. We have held, squarely and recently, that there is no foreseeability requirement for the "death resulting" component of 21 U.S.C. § 841(b)(1)(C). See Soler, 275 F.3d at 152 (noting that "the fact the statute does not speak to the defendant's state of mind undercuts the [] argument" that a foreseeability test should be imposed). While we left open the possibility that such a requirement might apply in a case involving "liability of one coconspirator for the acts of others," we made plain that "[w]hen the defendant's own conduct has caused the harm," strict liability applies. Id.

The statute sub judice in Soler differs in no material respect from section 841(b)(1)(B). Thus, the rationale of Soler is controlling here. Moreover, because the enhancement was imposed on the basis of the appellant's own conduct and the government introduced evidence tracing the death-causing heroin to that

conduct, he is strictly liable.  See id. at 152; see also United States v. McIntosh, 236 F.3d 968, 971-73 (5th Cir. 2001) (rejecting an argument identical to the appellant's on facts similar to those before us).

The appellant makes a half-hearted effort to bring to bear two other arguments (neither of which was raised in the district court).  First, he muses that the encouragement of his prior counsel to plead guilty may have amounted to ineffective assistance of counsel.  Second, he refers briefly to "newly discovered" autopsy evidence — but offers no explanation as to why this evidence was not readily available, in the exercise of due diligence, prior to the time he entered his guilty plea.

These allusions need not detain us.  The appellant does not support them with either case law or developed argumentation. We see no reason, therefore, to deviate from the well-settled appellate rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).[3]

We need go no further.  For the reasons elucidated above, we reject the appellant's asseverational array.

---

[3]Waiver aside, we note that garden-variety claims of ineffective assistance of counsel, not raised in the district court, generally are not considered on direct review of a criminal conviction.  See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993).

-11-

**Affirmed**.