**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4312**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

HENRY GEOVANI MORAN, a/k/a Silo,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00234)

Argued:  May 16, 2008                    Decided:  June 4, 2008

Before MICHAEL and SHEDD, Circuit Judges, and Henry F. FLOYD, United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Sandra Jean Barrett, Asheville, North Carolina, for Appellant.   Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.  **ON BRIEF:** Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Geovani Moran appeals his drug and firearm convictions. Finding no error, we affirm.

Moran was indicted on four counts of possession with intent to distribute cocaine (Counts 1-4), see 21 U.S.C. § 841(a)(1); one count of using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime (Count 5), see 18 U.S.C. § 924(c)(1); and one count of possession of an unregistered firearm (Count 6), see 26 U.S.C. §§ 5841, 5861(d), and 5871. Before trial, Moran pled guilty to three of the drug counts (Counts 2-4) and the § 924(c) count. Moran subsequently sent a pro se letter to the district court in which he complained that his counsel had not properly represented him and that he was forced to plead guilty to the § 924(c) charge. Construing the letter as a motion for withdrawal of the plea, the district court denied the motion "without prejudice to be pursued by counsel if deemed advisable." J.A. 35. Although Moran later obtained new counsel, neither he nor his counsel pursued the matter further. The district court sentenced Moran to three concurrent 27-month terms of imprisonment on the drug counts and a 120-month consecutive term of imprisonment on the § 924(c) count.

On appeal, Moran first argues that the district court erred by finding that he knowingly and voluntarily pled guilty to Counts 4 and 5 because he was not sufficiently informed of the nature of

2

those charges during the Rule 11 plea colloquy.  In a related argument, Moran also argues that the court erred by finding that an adequate factual basis exists to support his plea as to Counts 4 and 5.[*]  Having carefully reviewed the transcript of the plea hearing and considered the parties' written and oral arguments, we conclude that the court did not err.  Moran was sufficiently informed of the nature of the charges in Counts 4 and 5, he affirmed his understanding of those charges, he unequivocally stated that he was guilty, and the evidence proffered by the government during the plea hearing provides an adequate factual basis to support his plea.  See generally United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991) (discussing the requirements of Rule 11 and the discretion accorded the district court in conducting a plea colloquy); United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (discussing facts that can support a § 924(c) conviction); United States v. Harris, 31 F.3d 153, 156-57 (4th Cir. 1994) (discussing facts that can support an inference of intent to distribute drugs).

Moran next argues that the district court erred by denying his pro se motion to withdraw his plea.  Arguably, Moran has forfeited this argument by failing to refile the motion after the district

---

[*]Counts 4 and 5 arise from a search of Moran's bedroom that yielded approximately 2 ounces of cocaine and a digital scale that were located in a shoebox in the closet, and a firearm that was located under his bed.

3

court denied it without prejudice.  See <u>United States v. Jiminez</u>, 498 F.3d 82, 85 n.1 (1st Cir. 2007) (finding forfeiture under similar circumstances).  Nonetheless, we have carefully considered the argument and find that the district court did not abuse its discretion in denying the motion.  See generally <u>United States v. Ubakanma</u>, 215 F.3d 421, 424 (4th Cir. 2000) (discussing standard of review of denial of plea withdrawal motion).

Finally, Moran argues that his counsel provided ineffective assistance.  "Claims of ineffective assistance of counsel are normally raised before the district court via 28 U.S.C. § 2255 and are cognizable on direct appeal only where it conclusively appears on the record that defense counsel did not provide effective representation."  <u>United States v. Allen</u>, 491 F.3d 178, 191 (4th Cir. 2007).  Because the record does not conclusively show that Moran's counsel was ineffective, we decline to consider this claim.

Based on the foregoing, we affirm Moran's convictions.


<u>AFFIRMED</u>

4