

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2008

# Gladysiewski v. Alghny Energy Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2223

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gladysiewski v. Alghny Energy Ser" (2008). *2008 Decisions.* Paper 975.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/975

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-2223

TODD GLADYSIEWSKI,

Appellant
v.

ALLEGHENY ENERGY SERVICE CORPORATION

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 05-CV-0992
District Judge: The Honorable David S. Cercone

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 21, 2008

Before: SMITH and NYGAARD, *Circuit Judges*,
and STAFFORD, *District Judge**

(Filed: June 26, 2008)

OPINION

STAFFORD, *District Judge*.

Todd Gladysiewski was employed by Allegheny Energy Service Corporation

("Allegheny") as a utility serviceman for over eighteen years. After he was demoted in

_____

* The Honorable William H. Stafford, Jr., Senior United States District Judge for
the Northern District of Florida, sitting by designation.

late 2004, Gladysiewski filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was demoted on the basis of his age (41). Unable to conclude that a statutory violation occurred, the EEOC dismissed the charge. Gladysiewski then filed a second charge of discrimination with the EEOC, alleging that Allegheny retaliated against him for filing his previous EEOC charge. The EEOC dismissed the second charge after Gladysiewski filed suit in federal court.

In the District Court, Gladysiewski asserted claims for age discrimination and retaliation. The District Court granted summary judgment to Allegheny on all claims. This timely appeal followed.[1]

On appeal, Gladysiewski raises only one issue: whether the District Court erred in granting summary judgment to Allegheny on his retaliation claims. As to these claims, the District Court found that (1) Gladysiewski failed to demonstrate that the alleged retaliatory acts constituted materially adverse action; (2) Allegheny proffered legitimate, non-discriminatory reasons for each of the challenged actions; and (3) Gladysiewski failed to point to evidence from which a trier of fact could conclude that Allegheny's reasons were pretextual.

Under Federal Rule of Appellate Procedure 28(a)(9), appellants must include in their opening briefs argument in support of the issues raised on appeal. The argument must contain "appellant's contentions and the reasons for them, with citations to the

---

[1] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. Appellate jurisdiction exists under 28 U.S.C. § 1291.

2

authorities and parts of the record on which the appellant relies." *Fed. Rule. App. P.* 28(a)(9)(B); *see also Simmons v. City of Philadelphia*, 947 F.2d 1042, 1065 (3d Cir. 1991) (noting that "absent extraordinary circumstances, briefs must contain statements of all issues presented for appeal, together with supporting arguments and citations"). Cursory treatment of an issue will not suffice. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (noting that it is "well-settled . . . that casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal"); *see also United States v. Jiminez*, 498 F.3d 82, 88 (1st Cir. 2007) (noting "the well-settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). An appellant, moreover, must raise his argument in the body of his brief and may not incorporate by reference his prior pleadings. *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003) (explaining that "[t]he incorporation by reference of arguments made at various stages of the proceeding in the district court does not comply with the Federal Rules of Appellate Procedure").

Gladysiewski's brief on appeal is woefully lacking in developed argument. Indeed, his argument fills little more than two pages—or four paragraphs—in his appellate brief. One paragraph is devoted to a cursory examination of the case law establishing the elements needed to prove a prima facie case of retaliation. Another paragraph contains a string citation to cases the purpose of which is unexplained. In another paragraph, Gladysiewski refers to an event that he concedes is not before this Court. In the only

3

paragraph that addresses the particulars of this case, he incorporates by reference documents submitted to the District Court, then includes a sentence questioning the District Court's concept of adverse action.  He never mentions the District Court's finding that he utterly failed to establish that Allegheny's articulated legitimate reasons for its actions were pretextual.

Given the patent inadequacy of his appellate brief, we find that Gladysiewski has waived his right to challenge the district court's judgment on appeal.  Accordingly, we will dismiss Gladysiewski's appeal.


NYGAARD, J., *concurring.*

I concur in the judgment reached by the majority. I conclude, however, that Appellant has met, albeit minimally, the requirements of FED.R.APP.P. 28, (a)(9), our local rules, and interpreting jurisprudence.  I do not view appellant's brief as so deficient as to constitute waiver.  Here, despite Appellant's somewhat shoddy effort, I understand enough of his argument and the record to conclude that his claims on appeal are meritless. I would affirm essentially for the reasons given by the Magistrate Judge in her Report and Recommendation, and adopted by the District Court in its Judgment Order.

4