OPINION
STAFFORD, District Judge.
Todd Gladysiewski was employed by Allegheny Energy Service Corporation (“Allegheny”) as a utility serviceman for over eighteen years. After he was demoted in late 2004, Gladysiewski filed a charge of discrimination with the Equal Employment Opportunity Commission (“EEOC”), alleging that he was demoted on the basis of his age (41). Unable to conclude that a statutory violation occurred, the EEOC dismissed the charge. Gladysiewski then filed a second charge of discrimination with the EEOC, alleging that Allegheny retaliated against him for filing his previous EEOC charge. The EEOC dismissed the second charge after Gladysiewski filed suit in federal court.
In the District Court, Gladysiewski asserted claims for age discrimination and retaliation. The District Court granted summary judgment to Allegheny on all claims. This timely appeal followed.[1]
On appeal, Gladysiewski raises only one issue: whether the District Court erred in granting summary judgment to Allegheny on his retaliation claims. As to these claims, the District Court found that (1) Gladysiewski failed to demonstrate that the alleged retaliatory acts constituted materially adverse action; (2) Allegheny prof *981 fered legitimate, non-discriminatory reasons for each of the challenged actions; and (3) Gladysiewski failed to point to evidence from which a trier of fact could conclude that Allegheny’s reasons were pretextual.
Under Federal Rule of Appellate Procedure 28(a)(9), appellants must include in their opening briefs argument in support of the issues raised on appeal. The argument must contain “appellant’s contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.” Fed. Rule. App. P. 28(a)(9)(A); see also Simmons v. City of Philadelphia, 947 F.2d 1042, 1065 (3d Cir.1991) (noting that “absent extraordinary circumstances, briefs must contain statements of all issues presented for appeal, together with supporting arguments and citations”). Cursory treatment of an issue will not suffice. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir.1993) (noting that it is “well-settled ... that casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal”); see also United States v. Jiminez, 498 F.3d 82, 88 (1st Cir.2007) (noting “the well-settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived”). An appellant, moreover, must raise his argument in the body of his brief and may not incorporate by reference his prior pleadings. Northland Ins. Co. v. Stewart Title Guar. Co., 327 F.3d 448, 452 (6th Cir.2003) (explaining that “[t]he incorporation by reference of arguments made at various stages of the proceeding in the district court does not comply with the Federal Rules of Appellate Procedure”).
Gladysiewski’s brief on appeal is woefully lacking in developed argument. Indeed, his argument fills little more than two pages — or four paragraphs — in his appellate brief. One paragraph is devoted to a cursory examination of the case law establishing the elements needed to prove a prima facie case of retaliation. Another paragraph contains a string citation to cases the purpose of which is unexplained. In another paragraph, Gladysiewski refers to an event that he concedes is not before this Court. In the only paragraph that addresses the particulars of this case, he incorporates by reference documents submitted to the District Court, then includes a sentence questioning the District Court’s concept of adverse action. He never mentions the District Court’s finding that he utterly failed to establish that Allegheny’s articulated legitimate reasons for its actions were pretextual.
Given the patent inadequacy of his appellate brief, we find that Gladysiewski has waived his right to challenge the district court’s judgment on appeal. Accordingly, we will dismiss Gladysiewski’s appeal.

. The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. Appellate jurisdiction exists under 28 U.S.C. § 1291.