**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TARA D. MAVES, | No. 10-17230 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00396-LRH-VPC |
| v. | |
| FIRST HORIZON HOME LOANS, a Kansas corporation; QUALITY LOAN SERVICES, a foreign entity; VARESE CAMPBELL, in her official capacity as Deputy Director, Nevada Foreclosure Mediation Program; DOES 1-10, inclusive, and all other persons unknown claiming any right title, estate, lien or interest in the real property described herein, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 9, 2011[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TROTT and BEA, Circuit Judges, and STAFFORD, Senior District Judge.[***]

Tara Maves appeals the district court's order dismissing her claims against First Horizon Home Loans ("First Horizon") and Quality Loan Service Corporation ("Quality Loan") (collectively, "Defendants"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we **AFFIRM.**

Maves first challenges the district court's denial of her motion to remand. We review *de novo* a district court's denial of a motion to remand for lack of jurisdiction. *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011). Because there is no parallel litigation in this instance, the district court did not lack jurisdiction under the prior exclusive jurisdiction doctrine. *See id.* at 1043-44 (recognizing that the prior exclusive jurisdiction doctrine applies where there is parallel state and federal litigation involving the same *res*). Upon removal, the district court properly exercised its diversity jurisdiction.

Maves next challenges (1) the district court's refusal to certify what she claims are important questions of state law to the Nevada Supreme Court; and (2) the district court's failure to hold a hearing on Defendants' request for judicial notice of two publicly-recorded documents, Horizon's deed of trust and Quality Loan's

_____

[***] The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

2

notice of default. We review these issues for abuse of discretion. *Thompson v. Paul*, 547 F.3d 1055, 1059 (9th Cir. 2008) (certification); *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) (judicial notice). Maves has utterly failed to demonstrate an abuse of discretion on the part of the district court, and we reject her certification and judicial-notice challenges.

Finally, Maves challenges the district court's conclusion that Quality Loan does not need a debt collector's license to conduct non-judicial foreclosures in the State of Nevada. Maves's brief on this issue—less than two pages in length and comprised largely of language that is unprofessional, inappropriate, and unhelpful—is devoid of any reasoned argument. Issues raised in such perfunctory fashion are deemed waived. *See* Fed. R. App. Proc. 28(a)(9)(A) (stating that argument on appeal must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *United States v. Jiminez*, 498 F.3d 82, 88 (1st Cir. 2007) (noting that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (internal quotation marks and citation omitted); *United States v. Alonso*, 48 F.3d 1536, 1545 (9th Cir. 1995) (declining to reach an issue as to which the appellant presented no developed argument and cited no authority).

**AFFIRMED.**