# United States Court of Appeals
## For the First Circuit

---

No. 12-1804

UNITED STATES OF AMERICA,

Appellee,

v.

HIRAM ECHEVARRÍA-RÍOS,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

---

Before

Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

---

Luis R. Rivera-González for appellant.
Max J. Pérez-Bouret, Assistant United States Attorney, with whom Rosa Emilia Rodríquez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, were on brief, for appellee.

---

March 26, 2014

---

**LYNCH, <u>Chief Judge</u>**.  Defendant Hiram Echevarría-Ríos was convicted by a jury on one count of the crime of possession of a firearm by a felon, <u>see</u> 18 U.S.C. § 922(g)(1), and was sentenced to a term of 46 months' imprisonment.  He appeals from his conviction on the grounds that the firearm found in his possession by state law enforcement authorities was obtained improperly, through an invalid arrest warrant, and must be suppressed.  We affirm, under the good faith exception to the exclusionary rule articulated most recently in <u>Herring</u> v. <u>United States</u>, 555 U.S. 135 (2009).

                                   I.

On September 25, 2010, Echevarría-Ríos and Daniel Nelson were involved in a pre-dawn shooting at a gas station in Añasco, Puerto Rico.  Both Echevarría-Ríos and Nelson were wounded. Echevarría-Ríos placed Nelson in his car and drove to the Mayaguez Medical Center for treatment.  Nelson died of his wounds.

A police homicide investigator investigated the shooting incident and interviewed Echevarría-Ríos.  On the afternoon of September 25, 2010, the investigator learned that the car Echevarría-Ríos had driven to the hospital had been reported stolen.  The homicide investigator forwarded this information to Agent Bernice Rosario González ("Rosario") from the stolen vehicles division of the Puerto Rico Police Department.

Rosario's investigation revealed that the car belonged to Avis Rental and had been stolen.  She informed Echevarría-Ríos

during an interview on September 28, 2010 that she was going to summons him to court on charges of possession of a stolen vehicle. On September 29, Rosario attempted to deliver the summons on Echevarría-Ríos at his mother's house; Echevarría-Ríos was not there. The next day, Rosario went to the homes of his brother and sister but still could not find him. About a year later, on October 11, 2011, Rosario obtained a state warrant for Echevarría-Ríos's arrest after a probable cause hearing in the Puerto Rico Superior Court.

On November 25, 2011, Puerto Rico police officers received information from a confidential source that Echevarría-Ríos was at his mother's house and was armed. Several officers went to arrest Echevarría-Ríos, bringing a copy of the arrest warrant with them. The federal district court later found that the officers considered Echevarría-Ríos to be dangerous, in part on account of his large number of past arrests (at least twenty). At least four of those arrests had resulted in convictions.

On reaching the home, the officers met Echevarría-Ríos's sister, Anita. Anita told the police officers that Echevarría-Ríos was in the home and gave them consent to enter after learning they had an arrest warrant. She also pointed them to the room where Echevarría-Ríos was sleeping. The officers entered the room and found Echevarría-Ríos asleep on the upper level of a bunk bed. With their guns drawn, the officers woke him, and, according to the

officers, he began to reach under his pillow. The officers stopped him and Echevarría-Ríos held up his hands as the police placed him under arrest.

After taking Echevarría-Ríos from the bunk bed, the officers gave him Miranda warnings, then asked him if he was armed. He indicated that he had a gun under his pillow. The officers looked under the pillow and found a pistol, which they took into evidence. The pistol is the basis for the federal felon-in-possession charge.

Echevarría-Ríos was taken to the police station, where the police asked him where he had obtained his gun. He replied that he had acquired it "in the street." The police then gave Echevarría-Ríos written Miranda forms, which he signed. On December 8, 2011, a federal grand jury indicted Echevarría-Ríos on one count of being a felon in possession of a firearm.

Some time later (the record does not reveal precisely when), Echevarría-Ríos challenged the validity of his state arrest warrant in Puerto Rico court. The Puerto Rico court ultimately concluded that the warrant was defective because Agent Rosario had never served the summons on Echevarría-Ríos, a procedural defect that invalidates a warrant under Puerto Rico law.

In federal court, Echevarría-Ríos argued in a pretrial motion that the evidence of his pistol should be suppressed because it was obtained pursuant to an invalidated arrest warrant and in

violation of his <u>Miranda</u> rights.  After a hearing, the district court denied the motion to suppress.

Echevarría-Ríos went to trial before a jury on February 22, 2012.  At trial, he preserved his suppression objections.  The parties also stipulated that Echevarría-Ríos was a convicted felon.  After deliberations, the jury found the defendant guilty.  On May 31, 2012, Echevarría-Ríos was sentenced to a prison term of 46 months.

## II.

"We review the denial of a motion to suppress under a bifurcated standard."  <u>United States</u> v. <u>Rojas-Tapia</u>, 446 F.3d 1, 3 (1st Cir. 2006).  The district court's determinations on matters of law are reviewed de novo, while subsidiary findings of fact are reviewed for clear error.  <u>Id.</u>

Echevarría-Ríos's principal argument is that the pistol was improperly seized because his arrest warrant was invalid. Without a valid warrant, he argues, any search incident to his arrest violated his Fourth Amendment rights and requires suppression of the evidence.

This case provides a prime example of the good faith exception to the exclusionary rule.  The government has carried its burden of showing that the officers acted in good faith, and relied on a warrant that was facially valid at the time they detained the defendant.  <u>See</u> <u>United States</u> v. <u>Diehl</u>, 276 F.3d 32, 42 (1st Cir.

2002) (explaining that where the government, as here, invokes the good faith exception to the Fourth Amendment's exclusionary rule, it bears the burden of showing that the officers acted in good faith). "[T]he Fourth Amendment 'has never been interpreted to proscribe the introduction of illegally seized evidence in all proceedings or against all persons.'" United States v. Leon, 468 U.S. 897, 906 (1984) (quoting Stone v. Powell, 428 U.S. 465, 486 (1976)). Even assuming the evidence was seized in violation of the Fourth Amendment, the evidence will be suppressed only when the police conduct is "sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." Herring, 555 U.S. at 144; see also United States v. Thomas, 736 F.3d 54, 59-66 (1st Cir. 2013) (discussing Herring's application of exclusionary rule and applying Herring to suppression claims based on alleged police misconduct).

Herring controls this case. In Herring, the police arrested the defendant on the basis of a warrant that had been recalled but had erroneously been left active in the local sheriff's computer records. See 555 U.S. at 137-38.[1] The Supreme Court concluded that this was a Fourth Amendment violation. However, because the error did not rise to the level of

---

[1] By contrast, the warrant here was valid at the time of arrest, and only later invalidated for failure to comply with a state law procedural prerequisite.

"deliberate, reckless, or grossly negligent conduct," the Court held, the Fourth Amendment violation did not warrant exclusion. Id. at 144.

Echevarría-Ríos does not argue that using the warrant as the basis of his arrest was, at the time, intentional, reckless, or grossly negligent misconduct by the arresting officers. The arresting officers did not engage in any culpable misconduct. Under Herring, suppression is not justified on these facts.[2]

### III.

For the reasons stated above, we affirm.

---

[2] In the district court, Echevarría-Ríos also argued that his statement to the police that the gun was under his pillow should trigger suppression as a violation of his Miranda rights, because he did not knowingly waive those rights. On appeal, Echevarría-Ríos does not adequately press this argument. Consequently, he has waived it. See United States v. Jiminez, 498 F.3d 83, 88 (1st Cir. 2007). Even if he had adequately developed it, however, we would have no trouble dispatching this argument. The record shows that Echevarría-Ríos was told his Miranda rights before the police asked him whether he was armed, and there is no evidence in the record that he did not understand his Miranda rights.