# United States Court of Appeals
## For the First Circuit

No. 21-1532

UNITED STATES OF AMERICA,

Appellee,

v.

ABIJAH WILLIAMS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Jon D. Levy, Chief U.S. District Judge]

Before

Barron, Chief Judge,
Lynch and Gelpí, Circuit Judges.

William L. Welch, III for appellant.
Benjamin M. Block, Assistant United States Attorney, with
whom Darcie N. McElwee, United States Attorney, was on brief, for
appellee.

September 2, 2022

**GELPÍ, <u>Circuit Judge</u>**.  In the instant case, Defendant-Appellant Abijah Williams pled guilty at the District Court for the District of Maine to one count of possession with intent to distribute fentanyl and cocaine base in violation of 21 U.S.C. § 841(a)(1)[1] after a traffic stop near Wells, Maine uncovered both hidden within his vehicle.

This appeal presents two issues.  The first is whether the district court erred under Federal Rule of Criminal Procedure 11 in accepting Williams's guilty plea.  Although the government argues that Williams waived this claim by disclaiming in the district court the Rule 11 argument he now seeks to make on appeal, we exercise our discretion to review it for plain error.  In doing so, we hold Williams's claim is meritless.  The transcript shows that the district court properly followed all of the required Rule 11 procedures, the counseled plea was voluntary and knowing, and an adequate factual basis for accepting the plea existed.  Indeed, Williams's argument on appeal focuses on his statements at the plea hearing that he was not speeding before he was stopped by the state trooper.  But that is irrelevant to the Rule 11 error assertion.  There was thus no plain error.

---

[1]     The statute in pertinent part provides that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . [to] possess with intent to manufacture, distribute, or dispense, a controlled substance."  21 U.S.C. § 841(a)(1).

The second claim is that the court erred when it denied Williams's motion to withdraw his guilty plea. Williams concedes that this claim too is subject to plain error review, as the argument he makes on appeal is different from that which he made to the district court. This claim is foreclosed by our holding on the first issue. Accordingly, we affirm.

I. **Background**

We commence with a brief recitation of the facts that brought us to this appeal. On the evening of December 19, 2017, Maine State Trooper Matthew Williams was traveling on I-95 North in York, Maine. At around 9:00 PM, he noticed a gray Infiniti sedan driving too closely behind other vehicles on the highway, and determined by radar that the car was speeding, traveling seventy-nine miles per hour in an area where the speed limit was seventy miles per hour.[2] The trooper began following the sedan, at which point the vehicle exited the highway in Wells, Maine. The trooper continued following the car through the toll plaza. Once through, the car pulled into the toll plaza's employee parking lot and the trooper followed. The trooper then turned on his vehicle's blue lights, exited his car, and approached the stopped vehicle.

---

[2] We note that, during the plea colloquy, Williams disputed that he was speeding and stated that he was not.

The trooper asked for the operator's driver's license and determined that Williams was driving the vehicle. Williams had a female passenger with him, and they told the trooper that they were lost. When the trooper began to question Williams about his destination and the friends he was going to meet there, he faltered in his answers. His demeanor was nervous. To the trooper, he seemed rigid and tense, and his hands were shaking. Based on this behavior, combined with Williams's actions on I-95, the trooper began to suspect criminal activity was afoot. He ordered Williams out of the vehicle and called for a drug-sniffing canine to be brought to the toll plaza parking lot.

The trooper then ran Williams's license information, and determined that he was on parole for attempted homicide in Connecticut and, additionally, that he was subject to a Connecticut protective order which named his female passenger as the protected person. The information available to the trooper did not indicate the terms of the protective order, and both Williams and the female passenger disputed that they were in violation of it. Nevertheless, the trooper placed Williams under arrest for violating the protective order.

While under arrest, Williams gave the trooper permission to retrieve his phone from the driver's side door of the car in order to obtain his parole officer's contact information. While the trooper was looking for the phone in the driver's side door,

- 4 -

he observed a small, folded envelope with a distinctive stamp on it. Believing it to contain drugs based on his training and experience, he opened the envelope and saw that it did indeed contain a small amount of what appeared to be heroin. When the drug-sniffing dog arrived, it alerted the officers to the smell of narcotics on the vehicle. The trooper then searched the vehicle and found 400 envelopes of heroin and 45 grams of cocaine base concealed in a plastic container in the car's engine compartment. In addition, he also found a sandwich bag containing heroin on the ground near another police car that had arrived and was in proximity to Williams's vehicle.

Williams and the female passenger were both taken to the trooper barracks in Portland, Maine for additional questioning. The passenger waived her Miranda rights and told the police that Williams was trafficking drugs. She stated that while the trooper was following them, knowing he would be pulled over, Williams told her to hide the heroin-filled sandwich bag, causing her to toss it towards the police car.

A grand jury indicted Williams for one count of possession with intent to distribute fentanyl and cocaine base in violation of 21 U.S.C. § 841(a)(1). During the pretrial phase of his case, Williams filed a motion requesting the withdrawal of his appointed counsel. Following a conference, and with Williams's acquiescence, the court denied the motion to withdraw.

On January 31, 2019, Williams entered a guilty plea to the sole count of the indictment. The district court conducted a Rule 11 hearing -- which we will discuss in greater detail <u>infra</u> as it forms much of the basis of this appeal -- and accepted Williams's plea of guilty.

In June of 2019, Williams filed a motion to withdraw his guilty plea.[3] Williams's motion did not assert that the district court had committed any error under Rule 11 in accepting his guilty plea, but rather focused on his claim that his counsel at the change of plea hearing had been ineffective. Following an evidentiary hearing as well as additional briefing on the issue, the district court denied the motion to withdraw the guilty plea. The district court ultimately sentenced Williams to sixty months of imprisonment, followed by four years of supervised release, a sentence which is not at issue here. This timely appeal followed.

## II. <u>Discussion</u>

## A. <u>Rule 11 Hearing</u>

Williams posits that the district court committed two errors while conducting his Rule 11 hearing. First, he argues that the district court failed to advise him that he was giving up the right to file pretrial motions (specifically, a motion to

---

[3] In between his guilty plea and his motion to withdraw the plea, in March of 2019, Williams obtained new counsel following a motion to withdraw by his previous trial counsel.

suppress) by pleading guilty. Second, he contends that the district court erroneously found a factual basis for his guilty plea in violation of Rule 11(b)(3).

### 1. **Standard of Review**

We review an unpreserved Rule 11 claim for plain error. See United States v. Vonn, 535 U.S. 55, 58-59 (2002). The government asserts that Williams's Rule 11 argument is not only unpreserved, but it also is waived and therefore cannot be raised on appeal. See United States v. Dietz, 950 F.2d 50, 55 (1st Cir. 1991). In support of this assertion, the government argues that Williams affirmatively disclaimed any Rule 11 error before the district court by expressly acknowledging, through counsel, that there was no Rule 11 error of the type he now raises on appeal.[4]

"Where a defendant's claim would fail even if reviewed for plain error, we have often declined to decide whether the defendant's failure to raise the issue below constituted waiver or mere forfeiture." United States v. Acevedo-Sueros, 826 F.3d 21, 24 (1st Cir. 2016) (citing United States v. Aguasvivas-Castillo, 668 F.3d 7, 13-14 (1st Cir. 2012)). We follow that well-trodden

---

[4]  This concession appeared in Williams's motion to withdraw his guilty plea, wherein he stated: "The defendant asserts that his decision to plead guilty was a voluntary, intelligent, and informed decision . . . ." The district court acknowledged it as such in its ruling on the motion, stating "Williams concedes that the plea colloquy at his change of plea hearing satisfied Rule 11(b)."

path in this opinion, as we hold infra that the defendant's claim would fail even under plain error review.

We utilize a four-part plain error test. To succeed on plain error review, Williams must establish that "(1) an error occurred; (2) the error was 'clear or obvious'; (3) the error affected [his] substantial rights; and (4) the error 'seriously affect[ed] the fairness, integrity or public reputation of [the] judicial proceedings.'" United States v. Kitts, 27 F.4th 777, 784 (1st Cir. 2022) (second and third alterations in original) (quoting Puckett v. United States, 556 U.S. 129, 135 (2009)).

## 2. **Analysis**

Williams focuses primarily on one exchange during his Rule 11 hearing that he argues was in error and merits reversal. We quote the exchange in full below:

> THE COURT: Mr. Williams, have you reviewed th[e] prosecution['s] version [of the facts]?
> THE DEFENDANT: Yes, I have.
> THE COURT: And did you understand it?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Is it all true to your personal knowledge?
> THE DEFENDANT: No, Your Honor.
> THE COURT: What's -- what's not true in it?
> THE DEFENDANT: The speeding, that's all.
> THE COURT: What is it?
> THE DEFENDANT: The speeding part.
> THE COURT: The what part?
> THE DEFENDANT: Speeding. The reason they stopped me.
> MS. FAIRFIELD: He doesn't believe that --
> THE COURT: You don't believe you were stopped for speeding?
> THE DEFENDANT: No, I wasn't speeding.

- 8 -

MS. FAIRFIELD: He doesn't believe he was speeding.
THE COURT: You don't believe you were speeding?
THE DEFENDANT: No, I wasn't, Your Honor.
THE COURT: Okay. Is there anything else untrue in there?
THE DEFENDANT: That is all.
THE COURT: All right. And, Mr. Joyce, you have a witness who would testify that he was speeding, a state trooper; is that correct?
MR. JOYCE: Yes, Your Honor.
THE COURT: All right. Otherwise it is true?
THE DEFENDANT: What, the speeding?
THE COURT: No, other -- otherwise this document is true --
THE DEFENDANT: Yes, yes.
THE COURT: -- except you didn't believe you were speeding.
THE DEFENDANT: Yes, everything else is true except for speeding.
THE COURT: Okay. I find a factual basis for the guilty plea for the crime charged in this indictment.

Williams argues that, on the basis of this exchange, the district court violated Rule 11 by accepting the plea when it was evident that Williams did not understand that the plea would prevent him from bringing a suppression motion. Rule 11 defines the contours of the plea hearing, setting forth the rights the defendant waives by pleading guilty and directing the district court to "address the defendant personally in open court . . . [and] inform the defendant of, and determine that the defendant understands," the rights that he is waiving, including "the right to a jury trial" and "the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-

incrimination, to testify and present evidence, and to compel the attendance of witnesses," among others. Fed. R. Crim. P. 11(b)(1). Under Rule 11, the court must also ensure that the plea is voluntary. Id. 11(b)(2). Additionally, "[b]efore entering judgment on a guilty plea, the [district] court must determine that there is a factual basis for the plea." Id. 11(b)(3).

District court judges within the geographic confines of the First Circuit have relied on our ample jurisprudence to conduct Rule 11 hearings and accept defendants' guilty pleas. Specifically, judges follow our articulation of the core concerns of Rule 11, violations of which "mandate[] that the plea be set aside." See United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting United States v. Medina-Silverio, 30 F.3d 1, 3 (1st Cir. 1994)). These "core concerns" are a lack of coercion, the defendant's understanding of the charges against him, and the defendant's "knowledge of the consequences of the guilty plea." Id.; see also Kitts, 27 F.4th at 784. Williams seeks to add a new core concern to that list -- namely, that the defendant must "underst[and] that by proceeding he would be waiving the right to challenge the seizure of evidence." We decline to so expand Rule 11's core concerns. See United States v. Isom, 85 F.3d 831, 835 (1st Cir. 1996); Cotal-Crespo, 47 F.3d at 4.

The filing of pretrial motions such as a motion to suppress is not identified by Rule 11(b)(1) as a right that the

district court must inform the defendant that he is waiving, as Williams concedes in his opening brief. Therefore, the district court's failure to so inform the defendant here does not constitute plain error. See United States v. Rabb, 5 F.4th 95, 101 (1st Cir. 2021) (to establish plain error, "a party must show that the error is contrary to existing law"). Williams does not point to any of our caselaw to the contrary.

To the extent that Williams means to be arguing that his plea was plainly not knowing because of his failure to understand that he could not file a motion to suppress if he pled guilty, we disagree. A meticulous review of the Rule 11 plea colloquy demonstrates that any claim that Williams's plea was not knowing or voluntary is baseless. Pursuant to Rule 11(b)(1), the district court informed Williams that "[w]hen you plead guilty, you give up some very important constitutional rights." The district court described that if he went to trial, Williams, through counsel, "would have the opportunity to cross-examine every Government witness and to object to any evidence the Government offers against [him]." (Emphasis added). The district court then stated, "[i]f I accept your guilty plea, you will have given up your right to a trial, and all these other important rights I have just described to you," and asked if Williams understood that proposition. Williams stated that he did. This exchange further undermines Williams's argument on appeal that "[t]he record of the Rule 11

hearing does not reflect any discussion about whether Mr. Williams understood that by proceeding he would be waiving the right to challenge the seizure of evidence."

In an apparent reference to Rule 11(b)(3)'s requirement that "the [district] court must determine that there is a factual basis for the plea," Williams's second purported error is that there was no acceptance on his part that he was speeding, which he alleges was the probable cause for his traffic stop. Williams contends that when he did not agree with the prosecution's version of the facts during the Rule 11 colloquy quoted supra, the district court should have recognized that there was no factual basis for the plea and thus should have stopped the Rule 11 proceeding.[5] Instead, the court made an "arbitrary choice finding probable cause" by deciding the factual issue without calling witnesses to resolve the issue definitively.

The primary problem for Williams's argument is that the fact he disputes is not an element of the offense to which he pled guilty. He is not, for example, disputing any facts that comprise

---

[5] In his appellate brief, Williams cites two cases from Maryland that distinguish between an agreed-upon statement of facts and a statement of stipulated evidence in the context of trials by such evidence. See Barnes v. State, 354 A.2d 499 (Md. Ct. Spec. App. 1976); Bruno v. State, 632 A.2d 1192 (Md. 1993). Notably, neither of these cases involve guilty pleas. Instead, the defendant in each case went to trial on the basis of an agreed-upon statement of facts, Barnes, 354 A.2d at 501, or on stipulated evidence, Bruno, 632 A.2d at 1193. As such, they are inapplicable to our present analysis.

an element of the charged offense, such as possession or the intent to distribute fentanyl and cocaine base.  Cf. United States v. Jiminez, 498 F.3d 82, 86 (1st Cir. 2007) ("Here, [the disputed fact] was no mere lagniappe but, rather, an essential element of the charge to which the appellant pleaded.  Thus, the factual basis for the plea had to cover this point." (citation omitted)); United States v. Negrón-Narváez, 403 F.3d 33, 39-40 (1st Cir. 2005) (finding factual basis for plea when element of offense was contested, then acquiesced to, at Rule 11 hearing).

Williams's argument does not go to the factual basis of the guilty plea, which is a core concern of Rule 11(b)(3).  After all, Rule 11(b)(3)'s factual basis "requirement serves to ensure that the defendant's conduct actually corresponds to the charges lodged against him."  Jiminez, 498 F.3d at 86.  "It protects a defendant 'who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'"  Id. (quoting United States v. Ventura-Cruel, 356 F.3d 55, 59-60 (1st Cir. 2003)).  Speeding does not constitute an essential element of the charge to which he pled guilty, possession of a controlled substance with intent to distribute.  There are no facts indicating that Williams's conduct did not correspond to the charge against him, and Williams advances no argument to that effect.  "Though a district court has an unflagging obligation to assure itself that

a guilty plea is grounded on an adequate factual foundation, it need not gratuitously explore points removed from the elements of the offense."  United States v. Piper, 35 F.3d 611, 615-16 (1st Cir. 1994).

Furthermore, when conducting a Rule 11 hearing, the district court is entitled to rely on the prosecution's uncontested version of the facts.  See Jiminez, 498 F.3d at 86 ("The facts relevant to [a factual basis for the plea] may be gleaned either from the defendant's admissions or from the prosecution's version of the evidence (to the extent that it is acknowledged by the defendant).").  The district court's role under Rule 11(b)(3) is to ensure that there was "an admission, colloquy, proffer, or some other basis for thinking that the defendant is at least arguably guilty."  United States v. Delgado-Hernández, 420 F.3d 16, 27 (1st Cir. 2005) (quoting United States v. Gandia-Maysonet, 227 F.3d 1, 6 (1st Cir. 2000)).  In making that determination, the district court is entitled to rely on "government proffers as supported by credible evidence."  Id. (quoting Gandia-Maysonet, 227 F.3d at 6).  As discussed previously, all of the elements of the offense and factual basis thereof were admitted by Williams and coincided with the prosecution's version of the evidence.  The speed of the defendant's vehicle is simply not an element of the offense.

## B. Motion to Withdraw the Guilty Plea

Williams has another arrow in his quiver, though it differs only slightly from the arguments addressed supra. In June 2019, prior to the imposition of his sentence, Williams filed a motion to withdraw his guilty plea. Following an evidentiary hearing and additional briefing on the issue, the district court denied the motion. Advancing the same alleged errors as above, Williams argues that we should reverse the denial of his motion to withdraw the guilty plea.

### 1. Standard of Review

When the issue is preserved, "we review the district court's denial of such a motion solely for abuse of discretion." United States v. Flete-Garcia, 925 F.3d 17, 24 (1st Cir. 2019); see also United States v. Gurka, 605 F.3d 40, 43 (1st Cir. 2010). This discretion may be "somewhat more limited" when one of Rule 11's core concerns is implicated. See United States v. Abbott, 241 F.3d 29, 33 (1st Cir. 2001) (quoting United States v. Raineri, 42 F.3d 36, 41 (1st Cir. 1994)). We review unpreserved arguments only for plain error. Gurka, 605 F.3d at 43.

Williams concedes that plain error review applies to this claim because his withdrawal motion before the district court was based on the purported ineffective assistance of counsel, a claim he does not raise on appeal. Instead, he now argues that the basis for withdrawing the guilty plea is the purported error

during the Rule 11 hearing. Because Williams is raising a new ground for withdrawal of the guilty plea that was not raised before the district court, plain error review likely applies. See United States v. Mescual-Cruz, 387 F.3d 1, 7 (1st Cir. 2004); Negrón-Narváez, 403 F.3d at 37. We need not resolve the issue, however, as Williams's argument fails under either standard. See Acevedo-Sueros, 826 F.3d at 24.

2. **Analysis**

Under Rule 11(d)(2)(B), applicable here because Williams moved to withdraw his guilty plea prior to the imposition of a sentence, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." To determine whether the defendant has so shown, we examine the following six factors:

> (1) whether the plea was knowing and voluntary and in compliance with Rule 11, (2) the strength of the reason for withdrawal, (3) the timing of the motion to withdraw, (4) whether the defendant has a serious claim of actual innocence, (5) whether the parties had reached (or breached) a plea agreement, and (6) whether the government would suffer prejudice if withdrawal is allowed.

United States v. Gardner, 5 F.4th 110, 118 (1st Cir. 2021) (citing United States v. Tilley, 964 F.2d 66, 72 (1st Cir. 1992)).

Williams argues that his motion to withdraw his guilty plea should have been granted because, under the first factor, it was not knowing, voluntary, or in compliance with Rule 11. As

advanced in his first argument, Williams argues that at his Rule 11 hearing, he did not know that by pleading guilty, he was waiving his right to move to suppress the evidence obtained by the state trooper at the traffic stop. Williams contends that this "variance from Rule 11 affecting the substantial right to be free from unreasonable searches and seizures" is a fair and just reason for withdrawing the guilty plea.

"The question of whether the defendant's guilty plea was entered voluntarily, intelligently, and knowingly is regarded as the 'most significant' of the relevant factors." United States v. Dunfee, 821 F.3d 120, 127 (1st Cir. 2016) (quoting Cotal-Crespo, 47 F.3d at 3). As such, this factor is both the start and end point of our analysis. As we discussed in greater detail supra, pretrial motions to suppress are not contemplated under Rule 11 as a requirement that the district court must inform the defendant of before accepting a guilty plea. Apart from this argument, Williams "offers no plausible basis for concluding that he did not fully understand the charges against him." Flete-Garcia, 925 F.3d at 25. "In the absence of any plausible basis for discounting them, the district court was 'entitled to give weight to the defendant's statements at his change-of-plea colloquy.'" Id. (quoting United States v. Santiago Miranda, 654 F.3d 130, 138 (1st Cir. 2011)). Therefore, we decline to disturb the district court's well-reasoned opinion and order on this point.

## III. Conclusion

For the foregoing reasons, the denial of Williams's motion to withdraw his guilty plea and the judgment below are

**AFFIRMED**.